OTTO NIENDORFF, Respondent, *v*. THE MANHATTAN RAILWAY COMPANY, Appellant.

APPEAL — ACTION FOR PERSONAL INJURIES — LAWS OF 1896, CHAP. 559; CODE CIV. PROC. § 191. A decision or memorandum of decision of the Appellate Division of the Supreme Court is not a judgment; and chapter 559, Laws of 1896, amending section 191, Code of Civil Procedure, by limiting appeals from a judgment of affirmance in actions to recover damages for personal injuries where the decision is unanimous, applies to a judgment entered subsequent to its passage although the decision upon which it was entered was made prior thereto.

*Niendorff* v. *Manhattan R. Co.*, 4 App. Div. 46, appeal dismissed.

(Argued October 5, 1896; decided October 13, 1896.)

THIS was a motion to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered upon an order made April 18, 1896, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George M. Mackellar* for motion. The decision of the Appellate Division of the Supreme Court being unanimous, and it having made no certificate allowing an appeal, and no appeal having been allowed by a judge of the Court of Appeals, this court has no jurisdiction to entertain the appeal.

(Laws of 1896, chap. 559, subd. 2; Code Civ. Proc. § 191.) No appeal lies to the Court of Appeals from an order of an Appellate Division affirming a judgment of a trial court. (*Kilmer* v. *Bradley*, 80 N. Y. 630; *Knapp* v. *Roche*, 82 N. Y. 366; *Derleth* v. *De Graff*, 104 N. Y. 661; *D., L. & W. R. R. Co.* v. *Burkard*, 109 N. Y. 648; Baylies on New Trials & App. 209.)

*Joseph H. Adams* opposed. This appeal is not affected by the amendment of section 191 of the Code of Civil Procedure, invoked by the plaintiff, the case being excepted from its operation by the terms of the act. (Laws of 1896, chap. 559; Code Civ. Proc. § 191; Endlich on Interp. of Stat. § 74; *Ryghtmyre* v. *Durham*, 12 Wend. 245; *Mackay* v. *Rhinelanders*, 3 Johns. Ch. 467; *Robinson* v. *Govers*, 138 N. Y. 425; *Perry* v. *Wilson*, 7 Mass. 395; *Curran* v. *Burress*, 155 Mass. 87; *Richardson* v. *Green*, 130 U. S. 104; Bingham on Judgments, 95, 96; *Burnett* v. *State*, 14 Tex. 455; *Wherley* v. *R. Co.*, 72 Ala. 20; *Howell* v. *Harlan*, 78 Ill. 162; *Long* v. *Stafford*, 103 N. Y. 274.) No statute will be given a retrospective effect when a purely prospective operation will give full effect to its terms. This rule applies to statutes which affect procedure as well as to statutes which affect the substantial rights of parties. (*Vansittart* v. *Taylor*, 4 E. & B. 910; *Hobson* v. *Neal*, 8 Exch. 131; *Dash* v. *Van Kleeck*, 7 Johns. 499; *Hackley* v. *Sprague*, 10 Wend. 114; *People ex rel.* v. *Bd. of Suprs.*, 43 N. Y. 130; *Benton* v. *Wickwire*, 54 N. Y. 226; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 477; *In re Miller*, 110 N. Y. 216; *People* v. *O'Brien*, 111 N. Y. 1; *Murray* v. *Gibson*, 15 How. [U. S.] 421; *People* v. *Carnal*, 6 N. Y. 463.)

HAIGHT, J. This action was brought to recover damages for personal injuries. The trial resulted in a verdict in favor of the plaintiff, and the judgment entered thereon has been affirmed by the unanimous decision of the Appellate Division. That court rendered its decision April 18th, 1896, but no judgment was entered thereon until May 25th, 1896. On the

12th day of May, 1896, chapter 559 of the Laws of 1896 was signed by the governor and under its provisions went into immediate effect. It amended section 191 of the Code of Civil Procedure so as to provide that "no appeal shall be taken to said court from a judgment of affirmance hereafter rendered in an action to recover damages for a personal injury * * * when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals."

It is now urged that the provisions of this act do not apply to the appeal pending herein, for the reason that the decision of the Appellate Division was rendered before the act went into effect; but this view we are unable to adopt. The decision, or the memorandum of decision, filed by the Appellate Division is not a judgment. "A judgment of affirmance hereafter rendered," mentioned in the provisions of the act, has reference to a judgment of affirmance entered upon the decision of the Appellate Division, and inasmuch as the judgment in this case was not entered until after the act in question became a law, its provisions must control.

It is also urged that a judgment may under the directions of the court be entered *nunc pro tunc* as of the term and time of the rendering of the decision. However that may be is at this time unimportant, for no such judgment has in this case been entered.

The question involved in this motion has been recently disposed of in this court in the case of *Croveno* v. *The Atlantic Avenue Railroad Company of Brooklyn*,* in which case the provisions of the act have been fully discussed.

The motion to dismiss the appeal must be granted, but, under the circumstances, without costs to either party.

All concur.

Motion granted.

---

* *Ante,* p. 225.