RAYMOND MULLENS v. STATE COMPENSATION COMMISSIONER

(No. 6933)

Submitted February 18, 1931. Decided February 24, 1931.

*W. L. Taylor,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

Petitioner's right hand and wrist were injured on August 16, 1929, while in the employ of a subscriber to the workmen's compensation fund, and he received temporary compensation. He was examined on March 4, 1930, by the medical examiner of the compensation department. The written report of the examiner makes no estimate of the disability, but describes the injury as follows: a fracture of the carpal bones of the wrist, which had healed with some distortion of the wrist joint; an injury to the little finger and a scar on the palmer surface, which prevented full extension of fingers, and which diminished the grip of the hand. A recommendation, evidently oral, must have been made by the examiner, for a letter of the department to petitioner's employer, dated March 10th, states that the examiner had recommended a permanent disability award of 5%. On March 21st, this award was made. On March 29th, petitioner objected to the per cent of the award, and was informed on April 3rd, substantially, that the objection would not be considered, as the commissioner was of opinion that it did not go to the basis of the right to compensation. On June 23rd, petitioner requested a further hearing, and presented affidavits of three reputable physicians describing the condition of his hand, and stating that in their opinions he was at least 15% permanently disabled. The commissioner refused to reopen the case, and this appeal was allowed.

The affidavits of the three physicians differ materially from the report of the department's medical examiner in that they specify fractures of fingers, show a greater injury to the

palm, and indicate a greater distortion of the wrist joint and less gripping power. The affidavits present an aggravated condition of the injury, not taken into account by the commissioner in fixing the per cent of disability. *Murasky* v. *Commissioner,* 109 W. Va. 218, 153 S. E. 509. His jurisdiction of the case had not ended. He should therefore have reopened the case, and it will be re-committed to him for that purpose. *Bonner* v. *Commissioner,* recently decided by this Court.

*Recommitted.*