THEODISTE CHEEKS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 8051)

Submitted September 25, 1934. Decided October 2, 1934.

*Christie & Christie,* for relator.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondents.

WOODS, PRESIDENT:

Theodiste Cheeks, who claims that he has an aggravated condition arising out of and attributable to an old injury for which he received an award of twenty per cent, now seeks, by mandamus, to compel the commissioner to grant him a hearing. While claimant admittedly had made a *prima facie* showing of a permanent total disability, the commissioner, upon the recommendation of the hospital, with which the employer has a contract, and at which claimant had received treatment, that claimant's disability could be minimized by a major operation, refused to re-open the claim until after claimant should have submitted to such operation. Claimant interposed a timely objection and asked a hearing. The hearing was denied.

Where claimant has made a *prima facie* showing, he is entitled to have his claim re-opened, providing the commissioner's jurisdiction has not ended. *Bonner* v. *Commissioner,* 110 W. Va. 38, 39, 156 S. E. 847; *Mullens* v. *Commissioner,* 110 W. Va. 175, 157 S. E. 170; *Martin* v. *Commissioner,* 111 W. Va. 420, 162 S. E. 486.

We find nothing in the Workmen's Compensation Act authorizing the commissioner to require an operation as a prerequisite to a re-opening of such a claim. Other than Code 1931, 23-4-7, relating to hernia, the only reference to minimization of a permanent disability is found in Code 1931, 23-4-9, which authorizes the commissioner, after the fact of disability has been determined, to make certain expenditures for medical, surgical, dental or hospital treatment, if in his opinion the per cent of disability can be reduced.

The writ will issue in accordance with the prayer of the petition.

*Writ awarded.*