GEORGES CREEK COAL COMPANY *v.* WORKMEN'S COMPEN-
SATION APPEAL BOARD

(No. 8347)

Submitted January 8, 1936.   Decided February 11, 1936.

*Chas. L. Estep,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

Alfonzo Thomas was injured on the 20th day of April, 1933, while in the employ of the Georges Creek Coal Company at Hetzel in Logan County.   The employer being a

subscriber to the Workmen's Compensation Fund, an application, proper in all formal respects, for an award of compensation by the Compensation Commissioner was made. Upon "open case" or temporary status, Thomas was paid eight dollars a week until the 24th day of October, 1934. At that time, a twenty-five per cent disability award was made by the commissioner entitling claimant to eight dollars a week for one hundred weeks. The amount already paid was $624.00, so that at the date of the award there remained to be paid $176.00, the last installment of which was paid March 26, 1935.

Thomas was notified of the commissioner's award on December 17, 1934, and on April 10, 1935, Thomas wrote to the commissioner requesting that he receive a further physical examination with a view to procuring an additional award of compensation. This was accorded him by the commissioner, and on April 18, 1935, the medical examiner reported adversely to the claimant on the question of further compensation. On May 7, 1935, Thomas was notified by the commissioner that he could not consider the granting of additional compensation. Again, on June 5, 1935, in response to a letter from Thomas, the commissioner notified the claimant that no further award would be made. On July 12, 1935, the commissioner was notified by Thomas that he desired to appeal the case to the Workmen's Compensation Appeal Board. The appeal board entertained the appeal, and ordered that the case be remanded to the Compensation Commissioner for the taking of such proof, offered by either party, as might be necessary to properly develop the case. Apparently, this was done on the theory that the claimant had *prima facie* shown an aggravated or new condition of injury that did not exist theretofore, and, therefore, was not considered by the commissioner in making the original award. From the action of the board, the employer appeals. The sufficiency of the showing of an aggravated condition of injury is not one of the questions presented upon this appeal, and it is to be understood that we are not attempting to pass upon that phase of the matter.

Two questions that this appeal does present are, first,

whether the commissioner's action in declining to reopen the case for the consideration of an award of further compensation by his letters to the claimant under date of May 7, 1935, and June 5, 1935, is reviewable under the provisions of chapter 78 of the Acts of the Legislature of 1935, effective June 7, 1935, or under the law as it was prior to the effective date of that act; and, second, if reviewable under the Acts of 1935, chapter 78, whether, under that act, an appeal lies from a ruling of the Compensation Commissioner without first having demanded a hearing as was required under the law as it stood prior to June 7, 1935, the effective date of chapter 78 of the Acts of 1935.

On the first question, it will be observed that the effective date of chapter 78 of the Acts of 1935 came within the period of ninety days allowed for appeal under the act referred to, as well as under the applicable statutory provisions prior to the effective date of that act, and that, furthermore, the appeal from the ruling of the Compensation Commissioner was effected during the ninety-day period and after June 7, 1935. Inasmuch as the appeal was perfected after the effective date of the new statute, and since the matter of appeal is purely procedural, we are of the opinion that the law in effect at the time the appeal was applied for and perfected, and not the law at the time the decision appealed from was rendered, is that which is applicable to the mode of appeal and determines the tribunal to which that appeal lies. *Allison's executor* v. *Wood*, 104 Va. 765, 52 S. E. 559, 7 Ann. Cas. 721; *Niendorff* v. *Manhattan Ry. Co.*, 150 N. Y. 276, 44 N. E. 976.

On the second question, we are of the opinion that, without previous demand for a hearing, an appeal will now lie under the provisions of the new act from the action of the Compensation Commissioner in declining to reopen a case upon a *prima facie* showing that, since the award was made, a new and aggravated condition of injury has developed. We think that this is borne out by the language of section 3 of article 5 of the Act in question, which, with underscoring supplied, we quote in

part as follows: "Any employer, employee, claimant, or dependent who shall feel aggrieved *at any action* of the commissioner under this chapter shall have the right to appeal to the board created in section two of this article for a review of such action." We are urged to take the view that this section means "any action" of the Compensation Commissioner taken *after a hearing* upon the question as to which an appeal is sought to be had, and that the contrary view will "make virtual compensation commissioners" of the members of the appeal board. We have recently held in the case of *Rasmus* v. *Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250, (decided concurrently herewith) that the Workmen's Compensation Appeal Board, upon an appeal from the Compensation Commissioner, is not obliged to give any particular weight to the finding of the Compensation Commissioner, but that its jurisdiction enables it, upon the record made up before the Compensation Commissioner, to arrive at such a conclusion and to make such award as in their opinion the Compensation Commissioner should have arrived at and made. The analogy has been drawn to proceedings in the circuit court upon certiorari to inferior tribunals under the provisions of Code, 53-3-3. The case last referred to, we think, is in conformity to the construction that we are now placing upon section 3 of article 5 of chapter 78 of the Acts of the Legislature of 1935. Furthermore, we are of the opinion that that construction and that holding both conform to the inescapable inferences to be drawn from section 1 of article 5 of chapter 78 of the Acts of the Legislature of 1935. That section provides that "upon the making or refusing to make any award, or the making or refusing to make any modification or change with respect to former findings or orders as provided by section 16, article 4 of this chapter, the Commissioner shall give notice, in writing, to the employer, employee, claimant, or dependent, as the case may be, of his action, which action shall state the time allowed for an appeal to the board and such action shall be final unless the employer, employee, claimant, or dependent, shall within thirty days after receipt of such notice, ob-

ject in writing to such finding." We are urged to take the view of this section that if the commissioner's action is allowed to stand for more than thirty days, without objection, it becomes final for all purposes; that thereafter, unless objection to the action of the commissioner and demand for a hearing has been made within the thirty-day period, the action of the commissioner is not reviewable by the Workmen's Compensation Appeal Board. We do not believe that this is the real meaning of the section. Upon taking any action in the way of making or refusing to make an award, or of modifying or of refusing to modify a former finding or order, the commissioner is required to notify the claimant of his action and *to state the time allowed for an appeal therefrom.* Manifestly, it would be impossible for the commissioner to comply with this provision unless an appeal lay from his action. When the provision in question is read in conjunction with section 3 of article 5 of the same act, it seems to be comparatively clear that an immediate appeal from any of the described actions or holdings of the Compensation Commissioner lies to the Workmen's Compensation Appeal Board without the necessity of having previously demanded a hearing. It is true, at the same time, that the new act gives the right to demand a hearing at any time within thirty days after the commissioner has acted in any of the matters specified. Upon the refusal of that request, an appeal would lie to the Workmen's Compensation Appeal Board in a proper case. If the hearing is granted, then the question, in effect, is reopened before the commissioner for further proof, and, after that proof has been taken, the commissioner is required to make his final determination from which an appeal lies. In other words, whenever the Compensation Commissioner has acted in "the making or refusing to make any award, or upon the making or refusing to make any modification or change with respect to former findings or orders, as provided in section sixteen, article four of this chapter," there are two courses open to the aggrieved party. First, an immediate appeal to the Workmen's Compensation Appeal Board, and second, a

demand, within thirty days, for a hearing upon the question with reference to which the commissioner has ruled, and an appeal, according to the event, from the final decision of the Compensation Commissioner upon full proof.

In consideration of the foregoing, the finding of the Workmen's Compensation Appeal Board is affirmed, and the case is remanded to the Workmen's Compensation Commissioner with direction that it be further proceeded in by him in accordance with the terms of the board's order entered August 24, 1935.

*Affirmed.*