O. B. WRIGHT *v.* WORKMEN'S COMPENSATION APPEAL BOARD *et al.*

(No. 8403)

Submitted April 8, 1936. Decided April 28, 1936.

*P. D. Morris*, for petitioner.

*Homer A. Holt*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for Workmen's Compensation Appeal Board.

*Schmidt, Hugus & Laas*, for Glendale Gas Coal Co.

KENNA, JUDGE:

This proceeding in prohibition is prosecuted by O. B. Wright against the Workmen's Compensation Appeal Board and the Glendale Gas Coal Company. The purpose of the proceeding is to prevent the Appeal Board from taking jurisdiction of an appeal from an order of the Compensation Commissioner refusing to modify a former order awarding compensation to the claimant, O. B. Wright. The ground upon which relief is sought is that notice of appeal was not filed by the employer, Glendale Gas Coal Company, within the period of ninety days allowed by section 4 of article 5 of chapter 23 of the Code, as amended by Chapter 78 of the Acts of the Legislature of 1935.

The first contention of the petitioner is that the Workmen's Compensation Appeal Board has no jurisdiction to entertain an appeal where the award of the commissioner is based upon an injury which occurred before the Act creating the Board became effective. This question has been settled against that contention by the recent case of *Georges Creek Coal Company* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 89, 183 S. E. 866.

The other contentions of the petitioner are based upon the following chronology:

On November 5, 1935, the commissioner entered his order awarding the claimant $16.00 a week compensation beginning May 1, 1933, on the basis of a permanent

total disability rating. This order was entered pursuant to the mandate of this Court of May 21, 1935, reversing a former finding of the commissioner and remanding the case.

On November 6, 1935, letters were sent by the commissioner to the claimant and the employer informing them of the award.

On November 14, 1935, the attorneys for the employer wrote the commissioner protesting the amount of the award and insisting that it was excessive and improper.

On November 19, 1935, the commissioner acknowledged the receipt of the protest of the employer, and requested the attorneys for the employer to inform him more specifically what the basis of their protest was.

On November 26, 1935, the attorneys for the employer wrote the commissioner, stating that the basis of their protest was that the record as made up before the commissioner contained no evidence of the claimant's earnings within a year prior to the date of his application, and that, under those circumstances, they contended that the minimum award only should be made. The letter informed the commissioner that counsel expected to appear on December 12th, in person, for the purpose of further clarifying their position.

On November 27, 1935, the commissioner wrote counsel for the employer, informing them that further action would be withheld in the matter until December 12th or 13th.

On December 14, 1935, the commissioner informed counsel for the employer that there would be no modification of the commissioner's order entered November 5, 1935.

On December 17, 1935, counsel for the employer addressed a letter to the commissioner, notifying him of their desire to appeal from the award made November 5, 1935, which the commissioner, under date December 14, 1935, had refused to modify or amend. This notice was not addressed to the Workmen's Compensation Appeal Board as is required by section 4 of article 5 of chapter 23 of the Code, as amended by the Acts of 1935.

On December 19, 1935, the commissioner wrote counsel for the employer, enclosing four blank copies of the form of notice to be filed for an appeal from the commissioner to the Workmen's Compensation Appeal Board, notifying them that the form must be executed and filed in triplicate with the commissioner.

March 7, 1936, the notice of appeal upon the blank forms furnished by the commissioner were filed in the office of the commissioner.

Under the circumstances disclosed by the chronology stated above, we are of the opinion that we would have to be extremely technical in our construction of the statute in order to hold that the notice of the employer's appeal had not been given within ninety days from the action of the commissioner intended to be appealed from.

Section 1 of article 5 of chapter 23, as amended, provides that upon making or refusing to make any award, or upon making or refusing to make *any modification* or *change* with respect to former findings or orders, the commissioner shall give notice in writing to the parties affected thereby, after which his action shall be final unless there is objection in writing thereto within thirty days. Upon receipt of objection within thirty days, the commissioner shall set a time and place for the hearing of evidence. We think that it is apparent from this record that the attorneys for the employer intended their letter of November 14, 1935, as an objection to the award of the commissioner entered November 5, 1935, and that the commissioner so received and so treated it. The objection was timely, and, under the operation of the statute, it entitled the employer to a hearing upon the award. As a matter of fact, no formal hearing seems to have been held, and no further proof seems to have been taken, but with the acquiescence of employer's counsel the commissioner, in an informal way, considered further of the award entered November 5, 1935, and did not act definitely upon the objection until December 14, 1935. Thereafter, and within thirty days from that date, counsel for the employer, on December 17, 1935, informed the commissioner by letter that they desired to appeal

to the Workmen's Compensation Appeal Board, and, furthermore, on March 7, 1936, filed the formal notices of appeal with the commissioner. The statute gives the right to appeal from any order of the commissioner modifying or refusing to modify a former award. We are therefore of the opinion that, reading the commissioner's letter of December 14, 1935, as an order of refusal to modify the award entered November 5, 1935, the formal notices of appeal are sufficient to give the Workmen's Compensation Appeal Board jurisdiction of this appeal from that order.

Having reached the conclusion that the board has jurisdiction of this appeal on the basis hereinbefore discussed, it becomes unnecessary to discuss the effect of the letter from the employer's counsel under date December 17, 1935, informing the commissioner of the fact that the employer desired to appeal to the Workmen's Compensation Appeal Board. This letter was within ninety days of the award entered November 5, 1935. It is true that it was not addressed to the Workmen's Compensation Appeal Board, as the statute requires, and true, also, that it was not filed in triplicate, as is required by the rules laid down by the Workmen's Compensation Appeal Board. Nevertheless, there would be ample ground to argue that, under a liberal construction of the statute, the letter itself was sufficient to show a substantial compliance and to perfect an appeal from the commissioner's order of November 5, 1935. However, we do not deem it necessary to pass upon that question.

For the reasons herein stated, the issuance of the writ of prohibition will be denied.

*Writ denied.*