HARVEY L. MORRELL *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 9392)

Submitted September 9, 1942.   Decided October 20, 1942.

*E. Wayne Talbott,* for appellants.
*D. D. Stemple,* for appellee.

LOVINS, JUDGE:

This is an appeal from an order of the Workmen's Compensation Appeal Board, which order affirmed an order of the Workmen's Compensation Commissioner made February 28, 1942, hereinafter described.

There is no dispute as to the facts. Harvey L. Morrell, an employee of the Mountain Fuel Company, was injured March 3, 1937, while so employed, both bones of his left forearm being fractured. Treatment resulted in a union of the radius, but was unsuccessful as to the ulna. Morrell has submitted to four surgical operations to ameliorate the condition of the large bone in his forearm.

The claimant was given a status of temporary total disability which remained unchanged until August 31, 1938,

at which time a total of seventy-eight weeks compensation had been paid. An award was made by the commissioner on September 27, 1938, fixing the injury of the claimant at twenty-five per centum permanent partial disability, which remained in effect until June 2, 1941, at which time the percentage of disability of the claimant was fixed at fifty-five per centum permanent partial disability, the statutory percentage for loss of the forearm. The last mentioned award expired May 21, 1941.

Morrell received no compensation benefits from May 21, 1941, until October 14; 1941, when after a request for a re-opening of the claim, and a determination that claimant still was suffering from non-union of the left ulna, the commissioner by letter of August 12, 1941, agreed to authorize additional rehabilitative treatment and, further, to pay compensation to claimant during the period of rehabilitation. This letter was explained in subsequent correspondence to mean that compensation benefits would begin when claimant entered the hospital and end when he was discharged. Claimant re-entered the hospital on October 14, and a fourth surgical operation, the third bone graft, was performed the next day.

Three checks were issued by the compensation department covering the period from October 14 through November 30. The last check, covering 2 1/7 weeks, was returned to the compensation department by employer, with a formal protest to any payment in excess of 220 weeks, or fifty-five per centum disability. A hearing was had on this protest, and on February 28, 1942, the commissioner entered an order affirming his action of November 21, 1941, granted claimant compensation to and including November 30, 1941, and further awarded claimant compensation on a temporary total basis from December 1, 1941, to and including February 28, 1942, at a rate of $16.00 per week, and continued the claim for further medical reports. The last mentioned order of the commissioner was affirmed by the board as hereinbefore stated.

The rights of the claimant herein rest on the pertinent provisions of the Workmen's Compensation Law, Chap-

ter 23, Code, 1931, as amended by Chapter 78, Acts of the Legislature, 1935, which read as follows:

> (23-4-6) "Where compensation is due an employee under the provisions of this chapter, such compensation shall be provided in the following schedule:

> "(a) If the injury causes temporary total disability, the employee shall receive during the continuance thereof sixty-six and two thirds per cent of his average weekly earnings not to exceed a maximum of sixteen dollars per week * * *."

> "(b) Subdivision (a) shall be limited as follows: Aggregate award for a single injury causing temporary disability shall be for a period not exceeding fifty-two weeks: *Provided,* That in case an injured employee, by reason of having an ununited fracture or having undergone a surgical operation to correct a vicious union following a fracture, or for the repair of an ununited fracture, * * *, is disabled for a longer period than fifty-two weeks, the period during which compensation shall be paid may be, but shall not exceed seventy-eight weeks;

> * * * * * * *

> "(i) Where an injury results in temporary total disability for which compensation is awarded under subdivision * * * (c) the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in subdivision (c). * * *."

Claimant received compensation on a temporary total basis for seventy-eight weeks, the limit of such payments to a claimant suffering from a non-united fracture. The commissioner thereupon made a formal award at the expiration of such limit on the basis of fifty-five per centum permanent partial disability. We do not believe that thereafter the commissioner could return the claim to the temporary total basis, in the absence of some authority therefor in the statute. Subsection (i), to which reference has been made, merely provides, in effect, that pay-

ments to the claimant during the time he is carried on a temporary total basis be credited on the amount to which he is entitled under the permanent partial award. Nor does Code, 23-4-9, providing for rehabilitative surgery, authorize payments on a temporary total basis as here made. It is possible that claimant would be entitled to an additional permanent partial award upon a showing of progression or aggravation, under our decision in *Felty* v. *Commissioner,* 124 W. Va. 75, 19 S. E. (2d) 90, but such a question is not here involved.

The order of the Workmen's Compensation Appeal Board is reversed and this case is remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*