RAY NICELY *v.* STATE COMPENSATION COMMISSIONER, *and* UTILITIES COAL CO.

(No. 9640)

Submitted October 3, 1944. Decided November 28, 1944.

*Blue, Dayton & Campbell* and *Charles M. Love, Jr.*, for appellant.

*Ira P. Hager*, for appellee.

250

KENNA, JUDGE:

The claimant, Ray Nicely, while employed as a coal loader by Utilities Coal Company, was injured by a slate fall October twenty-third, 1938. On June fifteenth, 1940, he was awarded twenty-five per cent permanent partial disability and on January sixteenth, 1941, the award was raised to thirty per cent. Claimant did not protest, but in March filed his petition to reopen. This motion was refused and renewed several times, until, after reopening, on December tenth, 1941, the award was raised to fifty per cent, and after protest by employer and hearing resulting in no change, the employer appealed to the Compensation Appeal Board.

While the case was pending before the Board the employer discovered that, while his claim for compensation was pending, Nicely had enlisted in one of this country's armed services, and also that his attorney asserted, without proof, that he had suffered, before the accident for which he claimed compensation, a severe head injury while working for the same company. Upon making this discovery the employer promptly moved that the case be remanded to the Compensation Commissioner for the purpose of further development. That motion was declined by the Appeal Board, which entered its order setting aside the finding of the Commissioner and remanding the case to him, with directions to enter an award for permanent total disability. From this order the employer appealed to this Court, which reversed both the Appeal Board's and the Compensation Commissioner's orders and sent the case back to the Commissioner under the following mandate:

"This proceeding came on this day for decision, and it appearing to the Court that after Utilities Coal Company, the employer, had perfected an appeal herein to the Workmen's Compensation Appeal Board from the order of the Workmen's Compensation Commissioner entered on June 13, 1942, granting claimant a fifty per cent permanent partial disability award, said employer discovered and informed the Appeal Board that, pending the

consideration of this total disability claim, claimant had enlisted in a branch of the United States armed service, and had later been discharged therefrom, and also that claimant may have suffered a subsequent accidental injury to his head; and it further appearing to the Court that, after so informing the Appeal Board, a proper motion was made by the employer to have this case remanded from said Board to the Commissioner for further development, and that the determination of such matters is material to a proper decision hereof, it is ordered and adjudged that the order or affirmance entered by the Appeal Board on December 5, 1942, and the said order of the Commissioner entered on June 13, 1942, be, and the same are reversed and set aside, and this proceeding is remanded to the Commissioner for further development. But such further development shall be limited to evidence of claimant's condition of health as determined by the branch of the United States armed service in which he enlisted, the reasons for his discharge therefrom, if any, and to evidence of any injury suffered by claimant to his head at any time, and the relation of any such injury to claimant's condition of health on June 13, 1942, and it is accordingly so ordered."

Nicely's injury in the slate fall of 1938, insofar as it was diagnosed by objective symptoms, was a severe pelvic fracture, probably involving the sacro-iliac region. Objectively, his recovery seems to have been complete, his claim for reopening and further compensation resting entirely upon what the medical profession terms a "post traumatic neurosis".

When the case came back to the Commissioner the claimant, Nicely, testified that he had had no previous head injury and that he had enlisted in that branch of the United States Navy called the "Seabees", from which he had been discharged in October, 1942. He filed a photostatic copy of a certificate of discharge from the United States Naval Reserve, upon the printed form of which a space is used for the purpose of stating the reasons for the discharge certified. On Nicely's certificate only certain lettered symbols had been placed in that space, to arrive

at the meaning of which required these of a code or key known only to the Bureau of Naval Personnel. Upon this being discovered counsel for the employer wrote to the Bureau, requesting a translation of that part of Nicely's certificate of discharge. The Bureau declined to furnish this unless the request be accompanied by Nicely's approval. Nicely's attorney states that he advised him to join in the request, but that owing to his mental state he declined to do so. When claimant's attitude was made known to the Commissioner he proceeded to decide the case, knowing that Nicely had enlisted in the Navy, been accepted and afterwards discharged while his claim for compensation was pending, and that the reason for his discharge was being withheld due to the refusal of the applicant to comply with the mandate of this Court.

Prior to the entry of the Commissioner's final order, the Commissioner had extended, at the request of the attorney for the employer, the time for filing briefs in order that the applicant's certificate of discharge from the Navy might be correctly understood. Upon appeal to the Appeal Board the Board declined to consider the case unless the certificate of discharge was correctly interpreted. Thereupon, Nicely introduced before the Appeal Board the report of a board of medical survey from the Navy's Bureau of Medicine and Surgery, upon which his discharge was based. Upon this being done, the Board proceeded to enter its order setting aside the finding of the Commissioner and remanding the case to him with direction to award permanent total disability, and from that finding of the Appeal Board the employer was granted this appeal, the errors assigned being, first, that the Appeal Board erred in taking and considering evidence in addition to that before the Commissioner when his final order was entered, and, second, that the proof then before the Commissioner does not sustain a finding awarding a fifty per cent disability.

Undoubtedly the Appeal Board had before it, when its order was entered directing the Commissioner to award permanent total disability to Nicely, material evidence not

before the Commissioner when his final order was entered. The act creating the Compensation Appeal Board and defining its powers confers upon it the right to remand, as many times as it wishes, compensation cases to the Commissioner for the purpose of taking additional or further evidence. That act, however, does not confer upon the Compensation Appeal Board the right to consider evidence attempted to be made a part of the record in cases then pending before it, unless such evidence is taken in support of a motion to remand the "cause" to the Commissioner. (See Code, 23-5-3.)

The Medical Board's survey was not tendered nor considered in support of a motion to remand. It was considered in attaching meaning to a material part of the evidence taken before the Commissioner that was altogether meaningless without it. The medical survey was not made a part of the record nor attempted to be so made until the case was pending before the Appeal Board. We do not hesitate to say that the Appeal Board, in considering it, plainly exceeded its jurisdiction and attempted to exercise a power that it did not possess. This Court has plainly indicated, in a number of cases, that in considering compensation matters on review concerning questions passed upon by the Compensation Commissioner the Appeal Board is confined to the record of the proceedings before the Commissioner. *Rasmus* v. *Appeal Board*, 117 W. Va. 55, 184 S. E. 2d 250; *Felty* v. *Compensation Commissioner*, 124 W. Va. 75, 19 S. E. 2d, 90; *Manning* v. *State Compensation Commissioner*, 124 W. Va. 620, 22 S. E. 2d 299, 301.

In the case last cited this Court's opinion contains, by way of *obiter dicta*, the following statement: "The appeal board may either hear the case on the evidence which was before the commissioner, or take additional testimony, * * *". We now wish to correct that statement and to withdraw that part of it that does not conform to the conclusion herein stated.

Under ordinary circumstances the orders of the Appeal Board, not of the Commissioner, would be set aside for this reason alone.

This case is pending before us, not on review but under

this Court's original jurisdiction in mandamus. We therefore think that the only matter we should now consider is that of the joint failure of the applicant, the Compensation Commissioner and the Appeal Board to fully comply with the plainly expressed mandate of this Court. We are reluctant to believe that that failure was intentional on the part of any of the individuals concerned. It is a plainly insufficient reason to state that the applicant's incapacity to assent to the necessary information being furnished by the Bureau of Naval Personnel prevented compliance. The Commissioner should not have acted until certain of full compliance, and the Appeal Board, upon discovering that he had done so, should have remanded the case to him, setting aside his order for that reason. We therefore feel inclined to restrict this hearing to questions raised concerning the failure to comply with the mandate of this Court, and not to further consider the matter upon its merits concerning either the fifty per cent award entered by the Commissioner or the award for life entered by the Compensation Appeal Board. Both of the mentioned orders will be set aside and the case will be remanded to the Commissioner with instructions to reconsider the case upon a full record, together with such additional testimony as may be offered by either the employee or the employer relevant to the absence of a head injury prior to the slate fall on which this claim is based, and to the applicant's physical condition as stated in the Bureau of Medicine and Surgery's medical survey.

*Reversed and remanded.*