EDGAR DILLON

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9853)

Submitted September 4, 1946. Decided October 15, 1946.

*Charles L. Estep* and *Estep & Chambers,* for appellant.

*James G. Jeter, Jr.,* for appellee.

KENNA, PRESIDENT:

This claimant was injured while employed by the West Virginia Coal & Coke Corporation on August 18, 1943, by being struck by falling timbers that fractured the transverse processes of his second and third left lumbar vertebrae. For this injury he was awarded six per cent permanent partial disability. He returned to his usual work on December 29, 1943. The six per cent award expired the first week in February, 1944. On February 24, 1944, claimant was again injured by straining his back in lifting timbers, for which he was paid thirteen and six-sevenths weeks temporary total disability which expired on May 21, 1944. In considering the claimant's permanent rating the Commissioner referred the matter on June 9, 1944, to Dr. J. L. Hutchinson, who reported that the claimant had been adequately compensated. On June 13, 1944, the Commissioner entered his order to that effect, the claimant requested a hearing and on August 16, 1944, the Commissioner entered his order finding that claimant was suffering no permanent disability. This finding was appealed, reversed, and the case remanded to the Commissioner for further proceedings, with the result that on February 1, 1945, an additional hearing was held at Logan, after which another order of the Commissioner was entered finding the absence of permanent disability and in effect affirming his order of August 16, 1944. This order of the Commissioner was appealed and on June 16, 1945, affirmed by the Appeal Board, the Commissioner entering his final order after the period for an appeal to this Court had expired, closing the case on June 16, 1945.

On September 28, 1945, the claimant filed his petition to reopen which was refused October 2, the refusal being appealed and affirmed by the Appeal Board, the Commissioner again closing the case on January 8, 1946. On January 3, 1946, counsel for claimant by letter filed a medical report of Dr. Arthur S. Jones under date December 22, 1945, stating that claimant on that date was suffering muscular spasms in the region of his lower back and traumatic arthritis, being totally disabled for manual labor in his then condition that could be improved by eight or ten weeks of hospitalization. It will be noted that this letter does not state that claimant is suffering a permanent disability nor that he is likely to so suffer nor does it state that rehabilitative treatment would result in returning claimant to remunerative employment. On January 24, 1946, the Commissioner refused to reopen the claim and claimant appealed. On April 6, 1946, the Appeal Board, based on Dr. Arthur S. Jones' report, set aside the ruling of the Commissioner of the 24th day of January, 1946, and remanded the case to the Commissioner with directions to carry out the recommendation of Dr. Jones concerning hospitalization for rehabilitative purposes and to compensate the claimant during the period of hospitalization after which he was ordered by the Board to be referred to one of the Commissioner's examiners for final permanent disability rating, if any, as of that time. It is from this order of the Board that this appeal was granted.

The employer's first contention is that the Workmen's Compensation Appeal Board exercises only appellate jurisdiction and is not empowered to supervise the procedure in the Commissioner's office. As a consequence the employer contends that on the appeal from the Commissioner's order of January 24, 1946, refusing to reopen this claim, the Appeal Board's jurisdiction was restricted to that question, and that it exceeded its powers by ordering rehabilitative hospitalization and the payment of compensation during its required period. With this position we cannot agree. This Court has repeated-

ly held that the hearings before the Compensation Appeal Board, although confined to the showing made before the Commissioner as disclosed by his file and record, is a hearing *de novo*, the Commissioner's finding, and indeed his function, being entirely superseded by that of the Board in so far as the award and matters going to the basis of the claimant's right are concerned. *Burgess* v. *State Compensation Commissioner*, 121 W. Va. 571, 5 S. E. 2d 804; *Moore* v. *Workmen's Compensation Appeal Board*, 118 W. Va. 578, 191 S. E. 292; *Georges Creek Coal Co.* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 89, 183 S. E. 866; *Rasmus* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 55, 184 S. E. 250; *Manning* v. *State Compensation Commissioner*, 124 W. Va. 620, 22 S. E. 2d 299. This rule is based upon the fact that compensation cases generally demand expedition, hence the delay involved in appeal as usually practiced is to be avoided in every possible way. However, the rule just stated is confined to questions going to the basis of the claimant's right and does not include matters acted upon by the Commissioner for the purpose of bringing about physical relief to the claimant, such as medical attention, hospitalization and rehabilitation. This Court has repeatedly held that questions of that nature lie largely within the discretion of the Commissioner and that before being dealt with by the Appeal Board they must be passed upon by the Compensation Commissioner or at least that his record must show that his attention has been called to such a question with a request that he act.

Undoubtedly the Workmen's Compensation Appeal Board is vested with a jurisdiction that extends considerably beyond what would ordinarily be regarded as appellate. It hears matters *de novo* and its power while so doing has by this Court been compared with that of a circuit court sitting pursuant to a writ of certiorari. The Board sits as a fact finding tribunal upon the record made before the Compensation Commissioner, its duty under Code, 23-5-3, being either to sustain the finding of

the Commissioner or to enter such order or to make such award as the Commissioner should have made. *Rasmus v. Appeal Board,* 117 W. Va. 55, 184 S. E. 250. Approved in *Georges Creek Coal Company* v. *Appeal Board,* 117 W. Va. 89, 183 S. E. 866. True, the language of the controlling statute has been changed since the decision of the *Rasmus* case, but we do not believe that the alteration of language has to any extent changed its substantial effect in this regard. In *Manning* v. *State Compensation Commissioner,* 124 W. Va. 620, 22 S. E. 2d 299, this Court in dealing with the jurisdiction of the Appeal Board stated by way of *obiter* that the Appeal Board could either hear the case on the evidence taken before the Commissioner or could take additional testimony. In a concurring opinion Judge Lovins called attention to the statutory provision concerning the Board's power to remand cases to the Commissioner for the purpose of further development and to the fact that the statute expressly confers upon the Board the right to take evidence in support of a motion to remand to the Commissioner. By clear implication the latter provision restricts the Board's power to take evidence and confines that power to consideration of a motion to remand. This Court has since modified the statement made in the *Manning* case. *Nicely* v. *State Compensation Commissioner,* 127 W. Va. 249, 253, 32 S. E. 2d 231.

We are of the opinion that the Compensation Appeal Board plainly erred in reversing the finding of the Commissioner, ordering the complainant hospitalized as recommended in Dr. Jones' report, and ordering that he be compensated during his hospitalization, evidently on a temporary basis, since the same order provides that *after* the period of hospitalization and *after* the payments ordered have been made, the claimant's permanent rating shall be ascertained. There are but two sections of the Compensation Act relating to hospitalization. Code, 23-4-3, deals with such hospitalization as is a direct necessary consequence of the injury. We believe that it is clear that this case does not lie within the purview of

that provision. The other is Code, 23-4-9, dealing with rehabilitation and having to do with cases in which the *employee has sustained a permanent disability or has sustained injury likely to result in permanent disability,* when "the employee can be physically and vocationally rehabilitated and *returned to remunerative employment* * * *". (Italics supplied.) With the single exception of the report of Dr. Arthur S. Jones, dated December 22, 1945, which recommended the hospitalization of the claimant, plainly, the Appeal Board had nothing before it, as shown by the Commissioner's file, that indicated progression or aggravation since the termination of the last preceding award.

The report or letter of Dr. Jones was filed before the Commissioner evidently for the purpose only of sustaining the claimant's motion to have his claim reopened under Code, 23-5-1a. Disregarding the question of whether a temporary award may be reopened, the procedure followed in this case was, of course, not that of a reopened application. This is not, at present, a permanent disability case by a finding of either the Commissioner or the Appeal Board. If it were, there is no showing by the Jones' report or otherwise that hospitalization would result in enabling claimant to reenter remunerative employment as required by Code, 23-4-9. This is the second question stressed by the employer. Neither does the report justify a temporary award. A temporary award is for the purpose of covering the period of recuperation and consequently when once ended cannot be renewed, although during its continuance it may be extended by the Commissioner if kept within the statutory limit of one hundred and fifty-six weeks as prescribed by Code, 23-4-6, as amended by Ch. 131 Acts of 1945. The prescribed period had expired prior to the Board's order.

Since we believe that the report of Dr. Jones alone is not sufficient to justify the Commissioner in reopening the claim, due largely to the contrary reports made by

other physicians found in the Commissioner's file, but being nevertheless of the opinion that the claimant should not be prejudiced by denying him the right to introduce testimony supporting Dr. Jones' report and reconciling, if possible, his conclusion with the opinions of other reports in the file, the case will be remanded to the Compensation Appeal Board with direction to set aside its order of April 6, 1946, and to enter its order setting aside the order of the Compensation Commissioner of January 24, 1946, and directing the Commissioner to accord the claimant opportunity to present further proof concerning the reopening of the Commissioner's finding of no permanent disability.

*Reversed.*