A. BOYD MILLER

*v.*

STATE COMPENSATION COMMISSIONER
AND McCOY BROTHERS

(No. 9975)

Submitted September 3, 1947. Decided November 25, 1947.

*E. Wayne Talbott,* for appellant.

No appearance for appellee.

HAYMOND, JUDGE:

This proceeding is here on appeal by the claimant, A. Boyd Miller, from an order of the Workmen's Compensation Appeal Board entered June 7, 1947, reversing an order made by the State Compensation Commissioner on March 10, 1947. The order of the commissioner set aside an award of twenty one per cent permanent partial disability in favor of the claimant and returned the claimant to his prior status of temporary total disability. Upon appeal by the claimant, the board set aside the order of the commissioner and, being of opinion that the claimant was entitled to a twenty five per cent permanent partial disability, remanded the proceeding with directions that he be compensated for permanent partial disability on that basis. The employer, McCoy Brothers, a subscriber to the Workmen's Compensation Fund, did not contest the claim before the commissioner or the board and it has not entered an appearance or filed a brief in this Court.

The claimant was injured in the course of and resulting from his employment while working at a strip mining coal operation of the employer in Barbour County on July

30, 1945. During a short absence from his work on a proper errand, dynamite charges were placed by other workmen in nearby locations. Before his return the warning signal had been given without his knowledge. When he came back to his working place, and while standing directly above one of the charges, the claimant was severely injured by an explosion of dynamite. He was hurled into the air, rendered temporarily unconscious, and confined and treated at a hospital for a period of eight to ten weeks. His injury consisted of fractures of the large bone in his left heel and the third and fourth lumbar vertebrae, rupture of the drums of both ears, and multiple bruises and lacerations of his head, hands, face and other parts of his body. As a result he is almost totally deaf, and he suffers from a nervous condition. He has not been able to work since the accident. He can not dress without assistance. He is unable to walk on an uneven surface. At times he is compelled to crawl upon his hands and knees in moving about his home. At the hearing held by the commissioner, two physicians testified that the disability of claimant is total and permanent and that he has reached his maximum degree of improvement. Other lay witnesses also gave evidence that the claimant is permanently disabled.

By order of October 18, 1945, to which there was no objection, the commissioner placed the claimant on temporary total disability and awarded him compensation on that basis at the rate of $18.00 per week. He was paid compensation for this type of disability to May 31, 1946, which covered a period of forty three and four sevenths weeks from the date of his injury. On July 18, 1946, the commissioner awarded him twenty one per cent permanent partial disability. The claimant protested the award, as inadequate and a hearing was set for October 16, 1946. The hearing was not completed on that date. It was continued until January 21, 1947, when it was concluded. At the hearing the medical and other testimony already mentioned was introduced.

On March 10, 1947, the commissioner set aside the award of twenty one per cent permanent partial disability, and again placed the claimant on a temporary total disability basis until the expiration of the period of seventy eight weeks or until he reached the maximum degree of improvement, which ever should first occur. When that order was entered, the temporary total disability period of seventy eight weeks from the date of the injury had expired, but the claimant had been paid compensation on that basis for only forty three and four sevenths weeks. The claimant protested the award of twenty one per cent permanent partial disability as inadequate and refused to accept a check issued by the commissioner for compensation on that basis. On March 24, 1947, the claimant appealed from the order of the Commissioner of March 10, 1947, to the Workmen's Compensation Appeal Board. On June 7, 1947, the board reversed the order of the commissioner and remanded the proceeding with directions to pay the claimant compensation on the basis of twenty five per cent permanent partial disability. He appealed from that order to this Court.

The grounds assigned by the claimant to reverse the order of the Workmen's Compensation Appeal Board in substance are: (1) The award of twenty five per cent permanent partial disability is contrary to the clear preponderance of the evidence; (2) there is no evidence to support an award of twenty five per cent permanent partial disability or any award of less than permanent total disability; and (3) if the evidence does not justify an award of permanent total disability entitling the claimant to compensation for life, the Workmen's Compensation Appeal Board should have remanded the proceeding to the State Compensation Commissioner with directions to develop it further to determine the percentage of permanent disability for the purpose of fixing a proper award of compensation on the basis of his permanent disability instead of reinstating the claimant on a temporary total disability basis.

When a claimant for compensation from the Workmen's Compensation Fund has been paid on the basis of temporary total disability for the maximum time fixed by statute and has subsequently been awarded compensation on a permanent partial basis, his claim can not be returned to a temporary total basis. *Morrell* v. *State Compensation Commissioner*, 124 W. Va. 758, 22 S. E. 2d 454. In *Dillon* v. *State Compensation Commissioner*, 129 W. Va. 223, 39 S. E. 2d 837, this Court said that a temporary award, when once ended, can not be renewed, but that during its continuance it may be extended by the commissioner if kept within the statutory limit. On March 10, 1947, when the commissioner set aside his award of twenty one per cent permanent partial disability previously made on July 18, 1946, the maximum period, computed from the time of injury, during which the claimant was entitled to be paid temporary total disability, had expired. For that reason the commissioner was without power or authority to return the claimant to a temporary total basis. After the expiration of the applicable period for which temporary total disability can be awarded, which in this instance was seventy eight weeks from the date of the injury, the only award for the same injury which can be made by the commissioner is for permanent disability. Though the commissioner has the authority, in his consideration of a claim for compensation and before its final disposition, to return the claimant to a prior temporary total disability status, after setting aside an award for permanent disability which is rejected by the claimant and no part of which has been paid and before the applicable period for such disability has expired, he may not do so with respect to the same injury, after the expiration of the maximum period for which temporary total disability may be awarded. The maximum period for an award of temporary disability depends upon the character of the injury of the claimant. It may be fifty two weeks or seventy eight weeks, subject to an extension, under specified conditions not shown to exist in this case, which shall not, in any instance, exceed a total of one hundred and fifty six

weeks. Paragraph b, Section 6, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session. Due to the character of the injury sustained by the claimant, and his physicial condition, as shown by the evidence, the maximum period for which he was entitled to an award for temporary total disability for that injury was seventy eight weeks from the date of his injury. Accordingly, the action of the appeal board was proper, in so far as it reversed the order of the commissioner which returned the claimant to temporary total disability after the expiration of the period of seventy eight weeks from the date of his injury, and in that respect it is affirmed.

The evidence, however, indicates clearly that an award of twenty five per cent permanent partial disability, ordered by the board, is entirely inadequate to compensate the claimant for the injuries which he has sustained. It shows that he is permanently disabled, that he has reached his maximum degree of improvement, and that he is now entitled to a proper award on a permanent instead of a temporary basis. A finding of the Workmen's Compensation Appeal Board which, upon the proof taken before the commissioner and acted upon by the board, is plainly wrong, will be set aside by this Court. *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250. The evidence tends to show that the disability of the claimant is total, rather than partial, and clearly justifies a higher award than that of twenty five per cent fixed by the board. This Court, however, will not, in this proceeding, direct or indicate the amount or the percentage of an award which should be made in the first instance by the commissioner upon the evidence produced before him. Upon a remand of this proceeding different or additional facts may be produced.

The order of the appeal board to the extent that it awards the claimant compensation on the basis of permanent partial disability of twenty five per cent is reversed and this proceeding is remanded to the commissioner for further consideration and development, with directions to

award the claimant permanent disability in such amount or on such percentage basis as may be established by the evidence.

*Affirmed in part; reversed in part; remanded with directions.*