STATE *ex rel.* JOSEPH CONLEY

*v.*

E. B. PENNYBACKER, *State Compensation Commissioner*

(No. 10052)

Submitted April 6, 1948.   Decided May 18, 1948.

*W. Hayes Pettry,* for relator.

*John F. Bronson,* for respondent.

HAYMOND, JUDGE:

In this original proceeding in mandamus, the relator, Joseph Conley, an injured employee subject to the Workmen's Compensation Law of this State, seeks a writ from this Court to require the defendant, Honorable E. B. Pennybacker, State Compensation Commissioner, immediately and without delay, to award him additional compensation upon a permanent partial basis or to return him to a temporary total disability basis of compensation. The case was submitted for decision upon the petition of the relator, the exhibits filed with the petition, the answer of the defendant to which there is no replication, and the briefs of the attorneys for the respective parties.

The relator, while employed by Libbey Owens Ford Glass Company, of Charleston, was injured in the course of and resulting from his employment on June 3, 1944, by the fall of broken glass which inflicted multiple lacerations on his right forearm. He was awarded and paid compensation on a temporary total disability basis for a period of fifty two weeks following his injury, which under the statute, Code, 1931, 23-4-6 (b), as it then existed, was the maximum period for which he could receive a temporary total disability award for an injury of the kind sustained by him. He was later given an award of permanent partial disability of twenty four per cent covering a period of ninety six weeks. From this award which expired in December, 1946, when the last payment was

made, temporary total disability benefits of fifty two weeks were deducted as required by statute, Code, 1931, 23-4-6 (i).

On September 16, 1947, at the instance of the relator, the State Compensation Commissioner reopened the claim upon the basis of the showing made by him under the provisions of Section 1-a, Article 5, Chapter 137, Acts of the Legislature, 1939, Regular Session. After the claim was reopened the relator, who is the claimant, was examined and additional treatment was recommended, a part of which consisted of surgery. The relator refused to undergo the surgical treatment and no further award has been made by the commissioner. In response to the written request of the relator, by his attorney, on March 2, 1948, that an immediate award be made, the State Compensation Commissioner, by the Head of the Medical Division, in a letter of that date, refused the request on the ground that the relator has not reached his maximum degree of recovery and for that reason is ineligible for further rating for permanent disability.

The answer of the defendant alleges that the relator has not reached his maximum degree of permanent improvement. The relator does not deny or challenge this allegation by any replication to the answer. The answer also states that the relator has been paid the maximum amount allowed by law for temporary disability. For these reasons the defendant insists that he should not be required by this Court to make any award in favor of the relator at this time.

The relator does not establish, by allegations or proof, that he has in fact reached his maximum degree of permanent improvement and he admits that he has been paid for the full period of fifty two weeks for which he was awarded temporary total disability benefits. He contends, however, that he is entitled, at this time, to additional compensation on a permanent partial disability basis or to additional temporary total disability benefits. In support of the contention that he is entitled to additional

temporary total disability benefits, the relator invokes the statute, Code, 1931, 23-4-6(b), as amended by Paragraph b, Section 6, Article 4, of Chapter 131, Acts of the Legislature of 1945, Regular Session, which provides, with respect to temporary disability resulting from designated types of injuries, that the period of fifty two weeks and the period of seventy eight weeks may be temporarily extended by the commissioner for such further period as may appear to be necessary, if at the end of such periods· the temporary disability continues but does not warrant a finding of permanent disability, but that the combined periods shall in no case exceed one hundred and fifty six weeks. The defendant insists that, as the relator was injured prior to the passage of the amendment, it has no application to his injury of June 3, 1944, and that the relator, having been awarded and paid the maximum temporary total disability benefits to which he is entitled by law and having subsequently been awarded and paid compensation on a permanent partial disability basis, can not be returned to a temporary disability status.

With respect to the amendment of 1945, there is no indication that the Legislature intended it to be retroactive. The presumption is that a statute is intended to operate prospectively and not retrospectively in the absence of clear, strong and imperative words to show the legislative intent to give it retroactive force and effect. *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 16 S. E. 2d 920. Words of that character are missing from the amendatory act of 1945. Under the compensation laws of this State the relation between employer and employee with respect to compensation is contractual, *Hardin* v. *Appeal Board,* 118 W. Va. 198, 189 S. E. 670; and legislation may not be made retroactive if to do so would impair the obligation of contracts or disturb vested rights. *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 16 S. E. 2d 920; 17 R. C. L. 683; *Cherry* v. *State Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Carbon Fuel Company* v. *State Compensation Commissioner,* 111 W. Va. 639, 163 S. E. 62; *Jenkins* v. *Heaberlin,*

*Compensation Commissioner,* 107 W. Va. 287, 148 S. E. 117. The amendment of 1945 operates prospectively, not retrospectively, and it applies only to injuries sustained after its enactment. It has no application to the injury suffered by the relator in June, 1944. *Lancaster* v. *State Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601.

Without regard, however, to the operation of the amendment of 1945 to Code, 1931, 23-4-6 (b), either prospectively or retrospectively, it is settled by the decisions of this Court that when a claimant for compensation from the Workmen's Compensation Fund has been paid temporary total disability benefits for the maximum period fixed by statute and has subsequently been awarded compensation on a permanent partial basis, his claim can not be returned to a temporary total basis. *Miller* v. *State Compensation Commissioner,* 130 W. Va. 771, 45 S. E. 2d 249; *Morrell* v. *State Compensation Commissioner,* 124 W. Va. 758, 22 S. E. 2d 454. Though an award of temporary' total disability benefits may be extended by the commissioner during its continuance, if kept within the statutory limit, such award, when once ended, can not be renewed. *Dillon* v. *State Compensation Commissioner,* 129 W. Va. 223, 39 S. E. 2d 837. The relator, having been awarded and paid compensation for temporary total disability for the maximum period provided by the statute in effect at the time, relating to the type of injury which he sustained, and also having subsequently been awarded and paid compensation for permanent partial disability on the basis of twenty four per cent, can not again be placed upon temporary total disability for the same injury.

With respect to the contention of the relator that he is entitled at this time to an immediate additional award of permanent partial disability, the commissioner is not required to fix the permanent compensation immediately after the end of the period for which the claimant has been paid on a temporary basis but may delay the determination of a permanent award until the result of the injury has reached the stage where a fair and proper award can be made, at which time permanent compensa-

tion payments may be made to begin when payments on a temporary basis end. *Blevins* v. *State Compensation Commissioner,* 127 W. Va. 481, 33 S. E. 2d 408. That course may be followed in connection with any subsequent award of additional permanent compensation. The commissioner has discretion, in considering an award of additional compensation on a permanent basis in a proper case, to defer his action for a reasonable time to ascertain whether the claimant has reached his maximum degree of permanent improvement. Before that has been determined it may be impossible to reach a just result. It does not satisfactorily appear that the claimant has as yet reached that state of permanent improvement which would enable the commissioner to fix a fair and just award. The burden is upon him to establish that fact and this he has not done. Until the claimant has satisfied that requirement the commissioner should not be compelled to act, and he may exercise a sound discretion in this respect. Mandamus does not lie to coerce an administrative officer in the performance of a discretionary act, except in case of caprice, passion, some ulterior motive or misapprehension of law. *Walden* v. *State Compensation Commissioner,* 113 W. Va. 307, 167 S. E. 743; *State* v. *Neal,* 104 W. Va. 259, 139 S. E. 757; *Swearingen* v. *Bond, Auditor,* 96 W. Va. 193, 122 S. E. 539; *State* v. *Lane,* 89 W. Va. 744, 110 S. E. 180. There is no indication that any of these elements exists or has influenced the conduct of the commissioner in connection with the claim of the relator for additional compensation on a permanent basis.

That the commissioner has and may exercise a sound discretion, which of course is subject to judicial review, in determining when the claimant has reached his maximum stage of improvement in order to enable him to make a fair and just award, does not mean, however, that the action of the commissioner in that respect may be indefinitely deferred. Unless the relator reaches his maximum degree of recovery within a reasonable time after the reopening of his claim in September, 1947, the commissioner should consider his present condition, if it ap-

pears to be of indefinite duration, as representing that status of recovery and upon it base an award by which additional compensation on a permanent basis may be granted or denied as may be justified by evidence produced upon the hearing of the claim which the commissioner has reopened. Under his general powers, the commissioner has the authority to require a claimant to undergo a rehabilitative surgical operation, Code, 1931, 23-4-9; *Shrewsbury* v. *State Compensation Commissioner;* 127 W. Va. 360, 32 S. E. 2d 361; *Barnes* v. *State Compensation Commissioner,* 116 W. Va. 9, 178 S. E. 70; but a claimant may not, in every instance, be required to submit to a surgical operation in connection with treatment recommended or prescribed by the commissioner. *Gillam* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 571, 191 S. E. 204; *Cheeks* v. *State Compensation Commissioner,* 115 W. Va. 368, 176 S. E. 421; *Cole* v. *State Compensation Commissioner,* 113 W. Va. 579, 169 S. E. 165; *Myers* v. *State Compensation Commissioner,* 110 W. Va. 425, 158 S. E. 512. With respect to the necessity of a surgical operation upon the relator and as to whether he may be required to submit to such operation to enable the commissioner to determine his maximum degree of recovery, this Court entertains and expresses no opinion at this time. Whether the condition of the relator has been at times better or worse since his claim was reopened in September, 1947, or whether his present condition is of indefinite duration, does not satisfactorily appear from the pleadings. The commissioner should, as promptly as may be reasonably possible, determine the actual present maximum stage of recovery of the relator or, if unable to do so and the condition of the relator remains substantially unchanged, consider his existing condition as representing that status and promptly dispose of the claim as reopened. One of the primary objects of the Legislature in establishing the Workmen's Compensation system is to provide prompt and fair compensation to persons entitled to the protection which the law affords in that respect and courts look with disfavor upon delay in the accomplishment of that legislative purpose.

This Court has repeatedly held that before the relator is entitled to the writ in mandamus he must show a clear legal right to the relief which he seeks. *State ex rel. Koontz* v. *The Board of Park Commissioners of the City of Huntington,* 131 W. Va. 417, 47 S. E. 2d 689; *Goloversic* v. *Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Childers* v. *State Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611; *Ebbert* v. *Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614; *Brumfield* v. *Board of Education,* 121 W. Va. 725, 6 S. E. 2d 238; *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 315. This the relator has failed to do. For that reason the writ as prayed for in the petition must at present be denied.

*Writ denied.*