JOHN W. STOUT

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 9849)

Submitted September 4, 1946. Decided September 24, 1946.

*Howard Van Antwerp, Jr.,* and *Howard R. Klostermeyer,* for appellant.

*Patrick J. Flanagan,* for appellees.

Fox, Judge:

The importance and novelty of the questions presented in this case call for a brief opinion.

Claimant suffered injuries in the course of and as a result of his employment, through a slate fall, on April 20, 1942. He was immediately hospitalized and his injuries diagnosed as: "Laceration right upper eyelid with abrasion of chin. Fracture of left wrist; fracture of right radius; comminuted fracture of right ulna upper one-third." On May 19, 1942, the compensation commissioner held his injuries to be compensable, and he was allowed compensation on a total temporary basis, and was paid compensation for nineteen weeks. He remained in the hospital until the 1st of September, 1942, when he was certified as being able to return to work. On November 19, 1942 , he filed with the compensation commissioner a claim in which he said, "I was paid compensation from the date I was injured until September 1, 1942. Although, I was released for work my arms have been giving me considerable trouble and I cannot see very well out of the injured eye. My eye was last seen by Dr. Armantrout, at the Grace Hospital, November 3, at that time Dr. Armantrout told me my eye had improved as much as it was going to." He then stated that since his eye had reached its maximum improvement, he felt he was entitled to a disability rating on account of the loss of vision, and asked that the case be reopened and re-examined on that point. He was referred to Dr. Armantrout of Grace Hospital at Welch, who, on December 28, 1942, made an examination; and he was later referred to Dr. Schiefelbein of Stevens Clinic Hospital at Welch, who reported that claimant was not entitled to any further compensation. He was then referred to Dr. Edwards of the same hospital, who examined him with respect to the injuries to his arms, and who, in his re-

port, referred to the fact that he had been checked by Dr. Schiefelbein as to his vision. Dr. Edwards reported that in his opinion the nineteen-weeks award, which had been made, amply compensated him for the injuries sustained on April 20, 1942, but his examination, as stated above, was confined to claimant's arms. On February 10, 1943, claimant was examined by Dr. T. E. Vass of Bluefield, who recommended that he be granted " * * * an additional ten per cent permanent, total disability." On the same date claimant was examined by Dr. J. E. Blaydes, who reported on his vision, and which report indicates some injury to the left eye, the extent of which this Court is unable to appraise. It also contains this statement: "The vision in the right eye was 20/20, and the eye was normal in every respect." On this report the compensation commissioner on February 23, 1943, awarded claimant compensation on the basis of thirty-three percent permanent partial disability, aggregating $2,112.00, of which $304.00 had been paid under the temporary total award, leaving a balance of $1,808.00. This award was protested by the employer and a hearing had. On June 21, 1943, the compensation commissioner affirmed his order of February 23, 1943, and awarded claimant compensation upon a thirty-three per cent permanent partial basis for the loss of vision in his left eye, " * * * said award to carry payments for a period of 132 weeks at the rate of $16.00 per week, to be subject however, to payments heretofore made upon a temporary total basis for a period of 19 weeks, and at the proper time the claimant is to be examined to determine the disability resulting from an injury to his right arm; * * *." An appeal from this award was taken to the compensation appeal board, and the same was affirmed by an order entered by that board on August 7, 1943. Subsequent to the order of the appeal board, the compensation commissioner on September 10, 1943, entered an order affirming his order of June 21, 1943, and made the same award of compensation, with the same provision as to payments on the temporary total disability basis, which contained the provision that " * * * at the proper time the claimant is to be

examined to determine the disability resulting from an injury to his right arm".

Nothing further was done in the case until October 11, 1945, when claimant's counsel wrote a letter to the compensation commissioner asking, in effect, that claimant be examined to determine the disability to his arm or arms. Notwithstanding the fact that the case never had been closed, the commissioner on October 23, 1945, wrote claimant a letter allowing a reopening of his claim, and referring him to Dr. Bailey of the Wheeling Clinic, where a complete examination was made. On November 19, 1945, Dr. Charles D. Hershey of the Wheeling Clinic made a report in which he made the following finding: "There is no evidence of disfunction in the arm as motion in the elbow and wrist joint is entirely normal. There is no tenderness over the arm. I am inclined to believe that the aching sensation which he complains of in the right forearm is functional, particularly in view of the fact that there is no atrophy of the forearm. I do not believe that he has any disability at the present time attributable to the fractures of the forearm and wrist." On that report, it appears that, on December 6, 1945, the commissioner entered an order refusing claimant further compensation. There does not appear to have been any request for a hearing, and on January 16, 1946, the final order of the commissioner was entered affirming the order of December 6, 1945, and closing the claim on the ground that claimant had been fully compensated for the disability arising out of his injuries. On appeal from this order to the compensation appeal board, the order of the commissioner was, on April 6, 1946, reversed by the appeal board, and the cause "* * * remanded to the commissioner with direction to pay claimant on a 48% permanent partial disability basis, charging him with such amounts as *has* heretofore been paid by reason of his said disability."

We have been unable to discover a sound basis for the order of the compensation appeal board. No question is raised as to the compensation awarded for the loss of

vision and, of course, at this late date, none could be. The order of the appeal board, in effect, allows fifteen per cent compensation for alleged injuries to claimant's arms, and this in the face of a finding by competent physicians in November, 1945, that there was no then existing disability on account of such injuries. This finding the claimant did not choose to contest, and we think, therefore, that the commissioner was fully justified in accepting the same as correct, and in denying compensation.

Counsel for claimant seems to defend the award of the commissioner on the theory that claimant is entitled to the ten per cent additional disability rating which Dr. Vass recommended in February, 1943, almost three years prior to the latest report on claimant's condition. Reliance on this recommendation of Dr. Vass cannot be had, because claimant's condition at the time he made application for further consideration of his claim must be the basis of any award, and, in fact, counsel's letter of October 23, 1945, requests that claimant's then condition be ascertained, and that a report be made thereon. That, we think, disposes of the alleged ten per cent disability necessary to make up the fifteen per cent increase allowed by the appeal board. The other theory appears to be that inasmuch as the nineteen weeks' compensation paid claimant on a total temporary basis was deducted from the award made for loss of vision, claimant is in some way entitled to have that fact considered and an allowance of compensation, covering that period, made on a permanent partial disability basis. We have not found, nor have we been cited to any law which supports this contention.

The injuries suffered by claimant were sustained in the same accident. He was hospitalized, and soon thereafter was allowed compensation on a total temporary basis and paid for nineteen weeks. These payments were no doubt made to cover all types of injuries. On September 1, 1942, these payments ceased and claimant returned to work. In November of that year he asked

for an examination as to the condition of his left eye, and made some passing reference to the condition of his arm, but that was not stressed. From that time on the claims were separately considered, and claimant was referred to physicians for examination of his arms, and to other physicians for examination as to his eye condition. An award of compensation on account of his eye condition was resisted, but it was apparently recognized that some adjustment for the injury to his arms might be required at a later date. For this reason the hearing as to his impaired vision did not embrace any consideration of the injuries to his arms, and when the compensation commissioner allowed a thirty-three per cent disability rating for loss of vision, he directed that the claimant be paid therefor, but that the nineteen weeks' payment made on the total temporary basis be deducted therefrom. This was done as the statute required. Code, 23-4-6 (i), as amended. Had the compensation commissioner, at that time, determined the question of compensation for the injury to his arms, and had allowed compensation therefor in connection with that allowed for loss of vision, no one would have questioned a deduction for the nineteen weeks paid under the temporary total basis. We cannot see that the fact that the question of compensation for injury to his arms was postponed in any wise changes the situation. Of course, we cannot now pay to claimant compensation on a temporary total basis. This rule was settled by our decision in *Morrell v. State Compensation Commissioner*, 124 W. Va. 758, 22 S. E. 2d 454; nor can the order of September 10, 1943, allowing compensation for loss of vision, and directing that the nineteen weeks' compensation paid be deducted from the award of compensation then made, be now reconsidered, even if a different order could or should have been made, a question we do not decide. And, finally, we find no statute, and no decision of this Court, which would permit us to allow compensation on a partial permanent disability basis because of a contention that claimant may not have received full benefit,

or any benefit, on a temporary total basis, for the injuries to his arms. We think the payments on the temporary total basis were made in consideration of all of his injuries, and should have been deducted from any award made on account of any one of them, as was done in this case.

We therefore reverse the order of the Workmen's Compensation Appeal Board, and remand the case to the State Compensation Commissioner, with direction to reinstate his order of January 16, 1946.

*Reversed and remanded.*