ROBERT BARNES *v.* STATE COMPENSATION COMMISSIONER

(No. 8099)

Submitted January 9, 1935. Decided January 15, 1935.

*Charles Ritchie,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

Claimant was injured in the course of his employment for the McKell Coal & Coke Company on August 10, 1929. He received a fracture of the left leg above the ankle and a fracture of the right leg below the knee. Without attempting to repeat the surgical terminology descriptive of claimant's condition resulting from the injuries sustained, it appears that his left foot is turned in in such manner as to make his walking difficult and uncertain, and to greatly limit his capacity to lift and bear weight in the course of manual labor, and that extra cartilage has developed in his right knee joint in such manner as to make the flection of that joint perhaps limited and to a pronounced degree painful. His claim continued as an open claim until September 20, 1930, when a fifteen per cent partial permanent disability award was made. On December 10, 1930, an additional award of ten per cent was made and on September 13, 1934, the commissioner entered an order making a still further award of five per cent conditioned upon the claimant's undergoing a rehabilitative operation at the Coal Valley Hospital without expense to claimant, and providing that at the conclusion of the opera-

tion and his hospitalization for that purpose, he be re-examined with a view to determining whether any additional disability rating would be proper at that time. The claimant declined to undergo the operation, and appeals from the commissioner's order of September 13, 1934, assigning as error the refusal of the commissioner to make an additional award of permanent partial disability without requiring the operation as a condition precedent. There seems to be no question but that if the claimant's present condition is to continue an additional award would be justified, and the only question before us for decision is whether the commissioner is wrong in requiring the surgical procedure as a precedent condition. Claimant does not object to the provision made by the commissioner for the performance of the operation.

There is no divergence of view expressed by the surgeons who testify. They are agreed that the operation would likely result in material improvement of the condition and usefulness of both the left ankle and the right knee, and that, as a consequence, the degree of disability from which the claimant is suffering would probably be reduced. They all classify the indicated surgery as a major operation. There is no showing that the claimant is other than a normal surgical risk, at present 43 or 44 years of age. The surgeons testify that the operation would be attended by no more than the usual risk of ordinary major operations, and it does not appear that it would be attended with either unusual pain or other conditions that an ordinarily prudent and courageous person would not willingly confront to remedy a deformity and to relieve a chronic discomforture, perhaps of progressive nature, like that from which this claimant is suffering. Claimant apparently has no objection to undergoing any prescribed form of treatment excepting surgery and simply says that he does not wish to have a knife used on him.

Where a man's bodily welfare, his health or his life may be or become involved in the determination of a course of action, humanely sympathetic sentiments must be given the widest scope and doubts must be resolved in favor of permitting a free and untrammeled decision to be made by him whose well-being or life may be at stake, to the end that the

law may not become the instrument of inhumane exaction or of coercion. At the same time, the rehabilitation of those suffering from physical impairment must, in modern times, be recognized as a matter of great social and public concern. In addition, the minimizing of damages by every reasonable means is an established landmark of the law where the rights of private litigants only are involved. Our compensation law is drafted in recognition of these principles and the compensation commissioner is endowed with discretionary powers conferred upon him with a view to carrying them into effect at the expense of the compensation fund. No man can be forced to undergo a surgical operation. At the same time, a man cannot demand the compensation provided for him by law on the basis of a physical impairment that he himself permits to continue by reason of his refusal to accept the benefit of other provisions of the law intended to restore him to health and usefulness, without expense to him, and involving no unusual risk and making no harsh exaction. It has already been pointed out that the surgical opinion is in full accord as to the likelihood of this operation being of material benefit to the claimant. The testimony is in accord that the risk involved will be no more than the ordinary risk attendant upon operations of like nature. The claimant is of an age indicating full vigor and health, and no impairment has been shown that would make him an even questionable surgical risk. His sole reason for declining to undergo the operation appears to be the natural and universal revulsion from submitting to an anesthetic and undergoing the knife. That he has a full and absolute right to indulge this feeling to the utmost, cannot be questioned. The decision is his own to make and his right to make it cannot be controlled in the slightest degree. But he cannot occupy the inconsistent positions of demanding full compensation for the result of an injury, and at the same time decline to submit to humane and reasonable means of alleviating his condition. The rights of others and of society at large intervene at this point. Although there is some conflict in the decided cases, we feel certain that the views herein expressed are in full accord with the overwhelming weight of authority and certainly do no violence to any enlightened sentiments of humanity.

It is ordered that the holding of the compensation commissioner be affirmed with direction that claimant be accorded a reasonable time after the effective date of the mandate of this court to comply with the order of the compensation commissioner should he elect to avail himself of its provisions.

*Affirmed.*