Dave Cox

*v.*

Workmen's Compensation Commissioner, and Western Contracting Corporation

(No. 12521)

Submitted January 12, 1966.    Decided February 15, 1966.

*L. Eugene Dickinson,* for appellant.

No appearance for appellee.

Berry, Judge:

This is an appeal from a final order of the Workmen's Compensation Appeal Board of July 14, 1965, affirming an

order of the Workmen's Compensation Commissioner of March 17, 1965, granting the claimant, Dave Cox, 30% permanent partial disability. The appeal was granted by this Court on October 18, 1965, and was submitted for decision on brief filed by the appellant, Dave Cox, at the January 1966 Regular Term. No one appeared for the appellee and no brief was filed by the appellee.

The appellant received a severe injury to his left knee on July 3, 1962, while working for his employer, Western Contracting Corporation of Summersville, West Virginia. The Workmen's Compensation Commissioner on August 1, 1962, held the injury to be compensable. Claimant was referred by the Commissioner to Dr. H. A. Swart for permanent partial disability rating, and after an examination by Dr. Swart he recommended that surgery be performed on claimant's knee. He did not recommend any permanent partial disability rating as he was of the opinion that surgery would be beneficial to him. The claimant refused to undergo surgery and Dr. Swart then recommended that he be given a 15% permanent partial disability as a result of the injury to his knee. On October 5, 1963, the claimant was awarded 15% permanent partial disability to which award a protest was filed on his behalf, after which hearings were held in connection with the claim.

The claimant was a lumberjack and was about 64 years of age at the time the hearings were held in 1964. The claimant had been injured several times prior to the injury suffered by him in 1962. About 1930 he received an injury to his forehead which was still causing him pain; in 1935 he received an injury to his back; in 1952 he received an injury to his eye. Dr. J. W. Robinson testified at one of the hearings with regard to disability to claimant's eye from an old injury. Dr. H. E. Eakle and Dr. William McClung testified that they did not believe surgery would correct the disability of the claimant and did not recommend it. They testified that in their opinion he was totally and permanently disabled considering all of his previous injuries in connection with the injury to his knee. Dr. C. W. Stallard who treated him after he received the injury to his knee testified

that he did not recommend surgery and that he thought he was totally and permanently disabled. Doctors Eakle, McClung and Stallard testified that in their opinions the knee injury aggravated the old back injury.

After the medical testimony referred to above was taken at the various hearings the commissioner referred the claimant to Dr. R. L. Anderson for an examination. After Dr. Anderson examined the claimant in 1965 he stated that he had more than 50% permanent partial disability but recommended an operation on the knee before any permanent partial disability was awarded. He further stated that if the operation he recommended was refused by the claimant then he was of the opinion that claimant should have 30% permanent partial disability.

On March 17, 1965, the commissioner awarded the claimant a 30% permanent partial disability in accordance with the recommendation of Dr. Anderson. Upon appeal to the Workmen's Compensation Appeal Board the commissioner's award of 30% permanent partial disability was affirmed. The opinion of the Appeal Board contained the following statement giving the reason for affirming the commissioner's ruling:

> "The Claimant's refusal to undergo additional surgery and treatment, which if successful would improve Claimant's condition, was not justified and we are of the opinion that the circumstances warrant an adverse finding in this regard against the Claimant. Since the refusal of the surgery was not justified, this Board feels that the evidence justifies the Director's ruling."

The medical evidence is in conflict as to whether or not an operation or surgery would improve the claimant's condition. Two doctors recommended surgery while three others did not recommend surgery and did not believe that surgery, if performed, would improve his condition.

No person can be forced to undergo a surgical operation. However, a claimant cannot demand compensation provided under the Workmen's Compensation law for a physical impairment which he permits to continue by reason of his re-

fusal to accept the benefits under the provisions of the law intended to help and rehabilitate him without any expense or unusual risk to him. *Barnes* v. *State Compensation Commissioner,* 116 W. Va. 9, 178 S. E. 70.

The commissioner has the authority to require a claimant to undergo a rehabilitative surgical operation if there is no divergence of medical testimony to the effect that such surgery would likely materially benefit the claimant in relation to his disability, that nothing is involved other than the normal surgical risk, that the claimant is in good physical condition and that the operation would not ordinarily entail any unusual pain and that an ordinarily prudent person would be willing to submit to such operation for his own betterment, regardless of compensation. *Barnes* v. *State Compensation Commissioner, supra.* However, a claimant will not be required to submit to a surgical operation in connection with treatment recommended and prescribed by a commissioner where there is a conflict of medical opinion and a sharp divergence as to the benefit of such surgery. Where there is such a sharp divergence, claimant is justified in refusing to submit to such operation, and his refusal is not unreasonable. *Gillam* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 571, 191 S. E. 204. See *State ex rel. Conley* v. *Pennybacker, State Compensation Commissioner,* 131 W. Va. 442, 448, 48 S. E. 2d 9.

The question involved in the case at bar is adequately answered in the syllabus of the *Gillam* case in the following language:

> "Rehabilitative surgical operation may be required of a claimant for workmen's compensation, by the State Compensation Commissioner or by the Workmen's Compensation Appeal Board as a condition precedent to further compensation, only when surgical opinion substantially concurs that the operation is indicated, that it is reasonably safe and not attended by unusual suffering, that it will likely produce material physical improvement and that it is one which a person of ordinary prudence and courage would undergo for his own betterment, regardless of compensation."

It clearly appears from the medical testimony in the record of this case that there is a sharp conflict as to whether or not surgery, if performed, would improve the claimant's condition. Three doctors indicate that it would not, two state it would and such opinions do not concur in any respect. Furthermore, the age and physical condition of the claimant would not be conducive to such surgery and the situation in the case at bar is just the opposite to that in the *Barnes* case. It would therefore appear that the claimant's refusal to undergo surgery under the facts and circumstances in this case was entirely justified and he should not be penalized in connection with the award of permanent partial disability.

For the reasons stated herein, the orders of the Workmen's Compensation Appeal Board and the Director (now Commissioner) are reversed and the case is remanded with directions to determine the disability rating as a result of the compensable injury suffered by the claimant without requiring him to undergo a surgical operation in connection therewith.

*Reversed and remanded.*