Johnny Estes

*v.*

Workmen's Compensation Commissioner,
and Donegan Coal & Coke Company

(No. 12530)

Submitted February 1, 1966.       Decided March 29, 1966.

*Jeter, Jeter & Jeter, James C. Jeter,* for appellant.

*Callaghan & Callaghan, Dan O. Callaghan,* for appellee.

Caplan, President:

This is an appeal from a final order of the Workmen's Compensation Appeal Board, entered August 25, 1965, which affirmed an order of the Workmen's Compensation Director (now Commissioner) of February 24, 1965, holding that the claimant has been fully compensated for the disability arising out of his compensable injury. The claimant has been granted a 25% permanent partial disability award and contends upon this appeal that he should receive, in addition thereto, an award permitting rehabilitative treatment, or, upon refusal thereof, a further permanent disability rating.

The claimant was injured on June 2, 1959, while loading coal, such injury being manifested by a severe pain in his lower back. Upon litigation of this claim, Estes, the claimant, received a 25% permanent partial disability award. This award was made subsequent to the performance of an operation for the removal of a herniated intervertebral disc at the fourth lumbar interspace.

Upon the petition of the claimant on August 6, 1963, the claim was reopened and the claimant was referred to Doctor H. M. Hills for examination. Doctor Hills reported that this claimant is a "functional cripple", most of his disability being on the basis of a functional problem or anxiety tension akin to hysteria. He concluded: "Therefore, I cannot recommend additional compensation over that which he has already been granted, as there has been no change in his physical condition other than on a functional basis."

Thereafter the Director, on November 14, 1963, held that the claimant had been adequately compensated for his injury. The claimant filed a timely protest to the Director's ruling and a hearing was held on January 31, 1964. During cross-examination at that hearing Doctor Hills recommended that the claimant be examined by a psychiatrist and a motion was made on behalf of the claimant that this be done. The motion was granted and the claimant was referred to and examined by Doctor William B. Rossman. After his report was submitted to the Director the claimant was afforded an opportunity to cross-examine Doctor Rossman at a hearing held on January 8, 1965. On February 24, 1965 the Director entered an order affirming his previous order of November 14, 1963 and the claimant appealed to the Workmen's Compensation Appeal Board. From an order of the Appeal Board affirming the Director the claimant prosecutes this appeal.

The claimant's position on this appeal has been stated herein. The employer takes the position that there is no evidence in the record of this case from which it could be found that the claimant is in need of psychiatric treatment, that his condition could not be considered permanent and

that the finding of the Workmen's Compensation Appeal Board was not clearly wrong and should not be disturbed.

It is noted that the relief sought here by the claimant is expressed in the alternative. He seeks an award permitting him to undergo rehabilitative treatment as provided in Code, 1931, 23-4-9, as amended, or a further permanent partial disability rating based upon the hysterical pattern symptoms as described by both doctors who testified in this case.

In regard to the claimant's contention for an additional permanent partial disability award at this time, an examination of the record fails to reveal evidence to support him. Doctor H. M. Hills and Doctor William B. Rossman, the only doctors who testified in this proceeding, each stated that he could not find any physical disability which would then entitle the claimant to an award in excess of the 25% already granted. In the absence of testimony to the contrary, we will not disturb the finding of the Appeal Board insofar as it affirmed the 25% permanent partial disability award.

The claimant's alternate request, however, whereby he seeks rehabilitative treatment, requires further consideration. Workmen's compensation laws are purely statutory and any relief sought thereunder must be obtained under the authority of an appropriate statute. Here the claimant asserts that he is entitled to relief under the provisions of Code, 1931, 23-4-9, as amended, the pertinent parts of which read as follows:

> "In cases where an employee has sustained a permanent disability, or has sustained injuries likely to result in permanent disability, and such fact has been determined by the commissioner, and the employee can be physically and vocationally rehabilitated and returned to remunerative employment by vocational training, * * * the commissioner shall forthwith, after due notice to the employer, expend such an amount as may be necessary for the aforesaid purposes * * *."

Clearly, this statute provides for rehabilitative treatment for any employee who has sustained a permanent disability

or an injury likely to result in permanent disability and can be physically and vocationally rehabilitated.

In the instant case the claimant has sustained a permanent disability. This was determined by the Commissioner, as evidenced by the 25% permanent partial disability award theretofore granted. The only other determination that must be made to entitle this claimant to the relief provided by the above statute is that such claimant can be physically and vocationally rehabilitated. This presents a question of fact, the burden being on the claimant to prove by the evidence that he can be rehabilitated. We do not understand the words of the statute, "and the employee can be physically and vocationally rehabilitated", to mean that the claimant must show, unequivocally and beyond any doubt, that he can be rehabilitated. It is doubtful that such showing could ever be made where one suffers a permanent disability. It is sufficient that he show by a preponderance of the evidence that rehabilitation may be effected. Workmen's compensation laws are remedial in nature, humane in purpose and must be given a liberal construction to accomplish the intended aims. *Walk* v. *Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791. See also 21A M. J., Workmen's Compensation, § 3, and the many cases cited in the footnotes thereto.

The evidence upon which the claimant relies is the testimony of Doctor Hills and Doctor Rossman, each of whom testified that the claimant's physical disability warrants no more than the 25% already granted. However, in view of the claimant's allegation that he is entitled to an award for rehabilitative treatment, it is necessary to examine further the testimony of these witnesses. In his report dated April 21, 1962, Doctor Hills, after commenting on the claimant's physical condition, said, "he should have a psychiatric consultation as I feel that a great deal of his complaints are on the basis of a functional problem". This opinion was repeated in his report of October 22, 1963, wherein he stated that "there has been no change in his physical condition other than on a functional basis".

During cross-examination, in relation to these reports, Doctor Hills was asked to explain what he meant by "functional cripple" and "hysteria", as those terms relate to the claimant's condition. He replied, "Well, this is a problem of tension or stress, worry, apprehension which appears in many of these cases". Throughout his testimony Doctor Hills emphasized the importance of additional treatment for this claimant. He recommended a psychiatric examination and indicated that the claimant's condition could be improved by vocational rehabilitation. Also, he testified that unless treatment along those lines is afforded the claimant his condition will worsen.

Doctor Rossman's testimony reflects somewhat the same view of the claimant's condition as that expressed by Doctor Hills. In his report dated July 31, 1964, Doctor Rossman said:

"I believe that his is an hysterical symptom pattern with actual minimal physical disability. If it is possible to help this man, this could be done only with a concentrated program of vocational, physical and social rehabilitation and much effort. I do not see any need to increase the disability rating of 25%. The most intelligent recommendation I could make is that of an attempt to enroll this man in a total 'push' rehabilitation program. Psychiatric treatment, in my opinion, is not needed or indicated."

Although Doctor Rossman states that in his opinion psychiatric treatment is not needed, his testimony is replete with statements expressing positively that this claimant's condition will be improved by a program of physical rehabilitation. His testimony further reveals that the claimant does not now have a permanent total disability; that such disability as he does suffer over and above that physical in nature is reversible by rehabilitative treatment; and that without this type of help the claimant's hysterical pattern symptoms will become permanent. Upon being asked if there was any need to presently increase the disability rating granted, Doctor Rossman answered in the negative, saying: "I felt after I had examined him that there was a

good deal of hope for this man, and that the hope lay in the direction of efforts toward physical rehabilitation."

Upon consideration of the undisputed testimony in this case to the effect that the claimant's condition can be materially improved by physical and vocational rehabilitation, we are of the opinion that the relief offered under the provisions of Code, 1931, 23-4-9, as amended, should be afforded the claimant.

The employer's contention that the claimant is not entitled to this relief because of the lack of evidence that psychiatric treatment is needed, is without merit. Under the above statute it need only be shown that the claimant suffered a permanent disability, that such fact has been determined by the Director, and that the claimant can be physically and vocationally rehabilitated. Clearly, the claimant has made the necessary showing.

It is also asserted by the employer that the necessity for further treatment of the claimant has already been considered by the Appeal Board and that unless it was clearly wrong in its determination, its ruling should not be disturbed. This, too, is without merit. The Board's ruling indicates that it considered only the evidence relating to the need for psychiatric treatment. As indicated above, it is not incumbent upon the claimant, in order to obtain the desired relief, to prove he needs psychiatric care. In the present posture of this case there is a clear preponderance of evidence that this man can be vocationally and physically rehabilitated. This evidence should have been considered by the Board.

In view of the foregoing, the permanent partial disability award heretofore made will not be disturbed but the case will be remanded with directions that the Commissioner make an award to the claimant in accordance with and to the extent allowed under the provisions of. Code, 1931, 23-4-9, as it existed at the date of the injury.

*Reversed in part and remanded with directions.*