RUSSELL WILSON

*v.*

GRETCHEN O. LEWIS, *Commissioner,*

WEST VIRGINIA WORKMEN'S COMPENSATION FUND

(No. 15059)

Decided December 19, 1980.

274

*Masters & Taylor and Marvin W. Masters* for petitioner.

*Frank W. Helvey, Jr.,* for respondent.

PER CURIAM:

In this original mandamus proceeding the relator, Russell Wilson, prays for an order commanding the respondent, the State Workmen's Compensation Commissioner, to immediately enter an order granting him a permanent disability award, or, in the alternative, awarding him temporary total disability benefits from the date such benefits were terminated to the present.

The exhibits filed in support of the petition for a writ of mandamus indicate that relator suffered an occupational injury on May 1, 1975. Upon relator's timely application for benefits, the Workmen's Compensation Commissioner held the claim compensable and temporary total disability benefits were awarded by order dated July 9, 1975. The relator continued to receive temporary total disability benefits until September 5, 1978, when the Commissioner entered an order granting him a 25% permament partial disability award. During the period when the relator was receiving temporary total disability benefits, he underwent surgical operations for his occupational injury and was hospitalized on several different occasions, the last being at a mental hospital.

The relator timely protested the award of the 25% permanent partial disability and a hearing was held on June 19, 1979. At the hearing the relator presented the

testimony of two doctors and a vocational expert. The employer made no appearance and offered no evidence. Although the tape recording of this hearing was inadvertently erased, the reports of three doctors and a vocational expert were entered into evidence by agreement of the parties and the case was submitted for decision.

Dr. Joseph P. Seltzer, M.D., was of the opinion that relator was totally and permanently disabled. Dr. Richard D. Kitching, M.D., now deceased, filed an extensive report concluding that relator was not a person capable of doing sustained gainful work and that he was not a good candidate for vocational rehabilitation. He also concluded that relator seemed "to be disabled on an organic basis alone sufficiently to be considered totally disabled". The third doctor's report, while not offering any opinion on the extent of the relator's disability, indicates relator was hospitalized for a psychosis. The vocational expert's report indicates the relator is a former laborer who has little use of his hands as measured by dexterity tests and general observation. The expert concluded that relator is totally disabled. He noted that the relator is left-handed and that the occupational injury was to his neck, left shoulder and left arm.

Upon consideration of the entire record, the Commissioner by order of January 8, 1980, set aside the prior order granting a 25% permanent partial disability award and ordered that the relator be referred to a physician for psychiatric treatment pursuant to the physical rehabilitation provisions of *W.Va. Code*, 23-4-9. The order further provided that the claimant was to be paid temporary disability benefits but conditioned payment upon relator's continued total disability and the receipt of reports describing the nature of the psychiatric treatment and the prognosis. Although the relator received psychiatric treatment on at least two occasions and such fact was communicated to the Commissioner by the treating psychiatrist, the relator received no temporary total disability benefits after January 8, 1980, when the Commissioner referred the relator for psychiatric treatment and prognosis. In May, June, and July of 1980,

relator's counsel by letter requests moved the Commis-- sioner to grant him a permanent disability award or temporary total disability benefits, but the Commissioner failed to respond in any manner.

The respondent Commissioner quite properly agrees that the delay in responding to relator's motions has been unreasonable and has assured this Court of a prompt ruling upon a decision by this Court. Consequently, the Commissioner does not resist the issuance of a writ of mandamus directing it to rule on relator's motion. The Commissioner does insist, however, that the relator is not entitled to any specific ruling on his motions, and that she has the power on her own motion to make a referral for rehabilitation under *W.Va. Code*, 23-4-9. Although we agree that the Commissioner has the power to make a referral on her own motion under *W.Va. Code*, 23-4-9, and thereby defer a ruling on the extent of the permanent disability, we are of the opinion that the Commissioner did not have the power to make the psychiatric referral in the circumstances of this case.

*W.Va Code*, 23-4-9 provides in pertinent part:

> In cases where an employee has sustained a permanent disability, or has sustained injuries likely to result in permanent disability, and such fact has been determined by the Commissioner, and the employee can be physically and vocationally rehabilitated and returned to remunerative employment by vocational training, by the use of crutches, artificial limbs, or other approved mechanical appliances, or by medicines, medical, surgical, dental or hospital treatment, the Commissioner shall forthwith, after due notice to the employer, expend such an amount as may be necessary for the aforesaid purposes . . . .

The language of *W.Va. Code*, 23-4-9 and the case law interpreting it undoubtedly support the conclusion that the Commissioner has the power to require a claimant to undergo physical and vocational rehabilitation after the case has been submitted for final decision on the permanent partial disability question. Under this statu-

tory authority the Commissioner may even, in a proper case, require a claimant to undergo a major rehabilitative surgical operation. *Cox v. State Workmen's Compensation Commissioner,* 150 W.Va. 412, 146 S.E. 2d 577 (1966); *Shrewsbury v. State Workmen's Compensation Commissioner,* 127 W.Va. 360, 32 S.E.2d 361 (1944); *Mahone v. State Workmen's Compensation Commissioner,* 118 W.Va. 587, 191 S.E. 289 (1937); *Barnes v. State Compensation Commissioner,* 116 W.Va. 9, 178 S.E. 70 (1935).

While the Commissioner has broad authority to require an injured employee to undergo rehabilitation, the statue by its terms permits such a referral only where there is substantial evidence in the record demonstrating that "the employee can be physically and vocationally rehabilitated and returned to remunerative employment".

That there is an evidentiary limitation on rehabilitative referrals under *W.Va. Code,* 23-4-9 is clearly illustrated by this Court's decision in *Estes v. State Workmen's Compensation Commissioner,* 150 W.Va. 492, 147 S.E. 2d 400 (1966).

There, a claimant was seeking an award permitting him to undergo rehabilitative treatment. In the sole syllabus point we held as follows:

> A claimant who has sustained a permanent disability and who has shown by a preponderance of the evidence that he can be physically and vocationally rehabilitated and returned to remunerative employment by vocational training is entitled to the relief provided for in Code, 1931, 23-4-9, as amended.

*See also,* Syl. pt. 2, *Dillon v. State Workmen's Compensation Commissioner,* 129 W.Va. 223, 39 S.E. 2d 837 (1946).

Just as a claimant must make a factual showing in order to be entitled to rehabilitation, so must there be substantial evidence of record indicating rehabilitative potential as a prerequisite to a Commissioner's referral. In *Estes* and in the instant case there is no question that a permanent disability has been sustained. Rehabilitation is the only issue. The *Estes* Court discussed this precise

question and we find that discussion instructive here. The then President Caplan stated:

> The only other determination that must be made to entitle this claimant to the relief provided by the above statute is that such claimant can be physically and vocationally rehabilitated. This presents a question of fact, the burden being on the claimant to prove by the evidence that he can be rehabilitated. We do not understand the words of the statute, 'and the employee can be physically and vocationally rehabilitated, to mean that the claimant must show, unequivocally and beyond any doubt, that he can be rehabilitated. It is doubtful that such showing could ever be made where one suffers a permanent disability. It is sufficient that he show by a preponderance of the evidence that rehabilitation may be effected. Workmen's compensation laws are remedial in nature, humane in purpose and must be given a liberal construction to accomplish the intended aims. *Walk v. Compensation Commissioner*, 134 W.Va. 223, 58 S.E. 2d 791. *See also* 21A M.J., Workmen's Compensation, § 3, and the many cases cited in the footnotes thereto. *Id.* at 495, 147 S.E. 2d at 402-03.

In this case we can find no basis for the Commissioner's action in continuing the proceedings and unduly delaying the permanent total disability question in the face of the compelling evidence that the relator has reached the maximum degree of medical improvement and is permanently disabled. We do not understand Dr. Kitching's report or any of the other psychiatric reports to indicate that the claimant would benefit from such a rehabilitative referral. He had already undergone some psychiatric treatment in the past without any improvement. Here the evidence clearly demonstrates that the relator would not benefit from the rehabilitative services authorized under *W.Va. Code*, 23-4-9 such that he could return to remunerative employment, and therefore, the Commissioner was without authority to make such a referral and set aside his prior permanent disability award.

In these circumstances the Commissioner had a nondiscretionary duty to make a determination on the relator's claim for an additional permanent partial disability award, rather than arbitrarily continue the proceedings unnecessarily by referring the relator for rehabilitation. As we observed in *State ex rel. Conley v. Pennybacker*, 131 W.Va. 442, 448, 48 S.E. 2d 9, 13 (1948), the Commissioner may not indefinitely defer ruling on matters for "[o]ne of the primary objects of the Legislature in establishing the Workmen's Compensation system is to provide prompt and fair compensation to persons entitled to the protection which the law affords in that respect and courts look with disfavor upon delay in the accomplishment of that legislative purpose." Undoubtedly there are many instances where substantial evidence supports such a referral, but this case is certainly not one of them. Our resolution of the rehabilitation issue makes consideration of the temporary total disability claim unnecessary.

For the foregoing reasons, the writ of mandamus is awarded commanding the Commissioner to expeditiously rule on the relator's permanent partial disability claim. Justice McGraw concurs in the foregoing and would grant the writ but would also direct the respondent Commissioner to enter an order awarding the relator a total permanent disability award in view of the evidence and the long delay in processing this claim.

*Writ awarded.*