297 S.E.2d 212

**Anthony M. NEY**

v.

**STATE WORKMEN'S COMPENSATION COMMISSIONER and Capitol Fuels, Inc.**

**No. 15571.**

Supreme Court of Appeals of West Virginia.

Oct. 28, 1982.

14

Terry M. Jordan, McIntyre, Haviland & Jordan, Charleston, for appellant.

Thomas H. Vanderford, Pauley, Curry & Thaxton, Charleston, for appellees.

HARSHBARGER, Justice:

In this workmen's compensation appeal, the claimant challenges the validity of a regulation of the West Virginia Workmen's Compensation Fund that provides for reimbursement of travel expenses incurred in

obtaining medical treatment only if the distance traveled exceeds 25 miles. Because we conclude the challenged regulation is out of harmony with the purpose of the Workmen's Compensation Act, we hereby invalidate it and remand the case for further proceedings.

Claimant sustained a severe knee injury on September 27, 1978, during the course of and as a result of his employment. To obtain treatment, claimant drove his automobile from his residence in East Bank to a doctor's office in Charleston. Periodically he submitted claims for travel expenses incurred in connection with his medical treatment on standardized forms of the Commissioner and was paid a total of $3,111.96. On these travel expense claim forms, claimant reported that he traveled 26 miles one way, but the undisputed evidence shows the distance traveled was less than 25 miles and was closer to 20.

When it was discovered that claimant had been paid medical travel expenses in violation of Section 15.02 of the Workmen's Compensation Fund Rules and Regulations (1976),[1] the Commissioner deemed all travel expenses previously paid to be overpayments, and ordered repayment to the Fund. The claimant protested the Commissioner's action and a hearing was held.

At the hearing claimant testified that he had simply placed an estimate on the distance from his residence to the office of his treating physician and was unaware of the 25-mile regulation. The travel expense voucher form did not provide any notice of a 25-mile threshold distance requirement. Following the hearing, the Commissioner affirmed her prior ruling and the Appeal Board affirmed. This appeal followed.

Counsel for claimant contends an injured employee is entitled to reimbursement for travel expenses under W.Va.Code, 23–4–3. Section 3, as material here, provides:

"The commissioner shall disburse and pay from the fund for such personal injuries to such employees as may be entitled thereto hereunder as follows:

(a) Such sums for medicines, medical, surgical, dental and hospital treatment, crutches, artificial limbs and such other and additional approved mechanical appliances and devices, as may be reasonably required.

(b) Payment for such medicine, medical, surgical, dental and hospital treatment, crutches, artificial limbs and such other and additional approved mechanical appliances and devices authorized under subdivision (a) hereof may be made to the injured employee, or to the person, firm or corporation who or which has rendered such treatment or furnished any of the items specified above, or who has advanced payment for the same, as the commissioner may deem proper, but no such payments or disbursements shall be made or awarded by him unless duly verified statements on forms prescribed by the commissioner shall be filed with the commissioner within two years after the cessation of such treatment or the delivery of such appliances: ...."

The employer's response to claimant's argument is that Section 3 does not, no matter how often read, authorize reimbursement for travel expenses. We think the employer's argument fails to perceive the fundamental purpose of workmen's compensation legislation, and we do not agree that only by an exercise in "tortured logic" can claimant prevail. Although the language of the statute does not expressly provide for reimbursement for travel expenses incurred in connection with obtaining medical treatment, we have no difficul-

---

1. As pertinent here, Section 15 of the administrative regulation provides:
   TRAVEL EXPENSES—MEDICAL EXAMINATION AND TREATMENT
   *15.01. General.* Claimants are entitled to reasonable travelling, meals and lodging expenses actually incurred in connection with medical examinations or treatment. In making a determination on the "reasonableness" of such expenses the Commissioner shall utilize the "Travel Regulations for State Employees" as a guide, unless specific provisions to the contrary are otherwise contained herein.
   *15.02. Transportation Expense.* Claimants will be reimbursed for mileage, busfare, and other transportation expense if the distance from the residence to the situs of the examination or treatment exceed twenty-five miles.

ty in construing it to authorize payment for those expenses.

■ We, of course, are aided in our decision by the familiar principle that the Act, given its beneficent purposes, is to be construed liberally to effectuate its purposes. In *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361, 365 (1975), the Court was required to ascertain the Legislature's intent concerning the Commissioner's authority to pay future medical expenses incident to a compensable claim. In Syllabus Point 4, the Court reiterated a rule pertinent here:

> " 'That which is necessarily implied in a statute, or must be included in it in order to make the terms actually used have effect, according to their nature and ordinary meaning, is as much a part of it as if it had been declared in express terms.' Syllabus Point 14, *State v. Harden*, 62 W.Va. 313, 58 S.E. 715 (1907)."

■ One of the basic purposes of workmen's compensation legislation is to impose upon industry the cost of medical expenses incurred in the treatment and rehabilitation of workers who have suffered injuries in the course of and as a result of their employment.[2] Section 3 authorizes the Commissioner to make such payments for medical treatment as may be reasonably required. Payment of transportation expenses necessarily incurred in obtaining such medical treatment must be viewed as part of the cost of medical services. The Commissioner's regulations properly recognize that travel expenses should be compensable as well as related expenses for meals and lodging.

Other courts, dealing with similar statutes, have held that travel expenses necessarily incurred in obtaining medical treatment are compensable. Indeed, we have found absolutely no contrary authority. In *Gonzales v. Bates Lumber Co.*, 96 N.M. 422, 424, 631 P.2d 328, 330 (1981), the court, in affirming an award of travel expenses, made the following statement that is particularly apt here:

> " '[T]here comes a point where this Court should not be ignorant as judges of what we know as men.' *Watts v. Indiana*, 338 U.S. 49, 52, 69 S.Ct. 1347, 1348, 93 L.Ed. 1801 (1949). We know that the distances many injured workmen have to travel for medical treatment are considerable. This is so because of the size of this state and because certain necessary medical treatment is available at only a few places in the state. We also know that the cost of travel is not inconsequential and is rising yearly. We conclude that reasonable travel expenses necessarily incurred in receiving medical treatment do come within the language of § 52–1–49(A), *supra*."

*Accord, Milligan v. Bayou Vista Manor, Inc.*, 355 So.2d 569 (La.App.1978); *Jack v. Fidelity & Casualty Co. of New York*, 326 So.2d 584 (La.App.1976); *Chaples v. Gilco, Inc.*, 280 A.2d 546 (Me.1971); *Queen v. Agger*, 287 Md.App. 342, 412 A.2d 733 (1980); *In Re Snider's Case*, 334 Mass. 65, 134 N.E.2d 16 (1956); *Huhn v. Foley Brothers, Inc.*, 221 Minn. 279, 22 N.W.2d 3 (1946); *Newberry v. Youngs*, 163 Neb. 397, 80 N.W.2d 165 (1956); *Simpson v. Glen Aubrey Fire Co.*, 86 A.D.2d 909, 448 N.Y. S.2d 261 (1982); *Scruggs Brothers & Bill Garage v. State Industrial Commission*, 94 Okl. 187, 221 P. 470 (1923) (statutory purpose defeated if reimbursement denied for travel expenses necessary to obtain services); *Smith v. Chase Bag Co.*, 54 Or.App. 261, 634 P.2d 809 (1981) (regulations provide for reimbursement at the rate for classified employees of the State of Oregon); *City of New Castle v. Workmen's Compensation Appeal Board*, 441 A.2d 803 (Comm.Pa.1982).

In the leading treatise on workmen's compensation law, 2 A. Larson, *Workmen's Compensation Law* § 61.13(b) (1976), the following passage appears which confirms our analysis of existing case law:

---

2. W.Va.Code, 23–4–9 governs expenditures for the vocational training and physical rehabilitation of employees who have sustained permanent disability. It speaks of "reasonable medical expenses." *See Wilson v. Lewis*, 166 W.Va.

273, 273 S.E.2d 96 (1980). According to Professor Larson, all states now provide medical and hospital benefits to injured workers. 2 A. Larson, *Workmen's Compensation Law* § 61 (1976).

"Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services. This is clear enough when, for example, the claimant has to make an out-of-town trip for examination by a specialist."

■ To reiterate, we conclude that W.Va.Code, 23-4-3 authorizes the payment of transportation expenses necessarily incurred in obtaining medical treatment. We still must consider the regulation's validity.

■ In *Rowe v. Department of Corrections*, 170 W.Va. 230, 292 S.E.2d 650 (1982), we struck down a regulation of the Department of Corrections because it was inconsistent with statutory language. Syllabus Point 3 reads:

"It is fundamental law that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the statute under which the agency functions. In exercising that power, however, an administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority."

We also observed that "[a]n administrative agency's rules and regulations must also be reasonable and conform to the laws enacted by the Legislature. *Anderson &*

*Anderson Contractors, Inc. v. Latimer*, 162 W.Va. 803, 257 S.E.2d 878, 881 (1979); *Walls v. Miller*, 162 W.Va. 563, 251 S.E.2d 491 (1978); 1 Am.Jur.2d *Administrative Law* § 126 (1962)." *Id.*, 170 W.Va. at 233, 292 S.E.2d at 653.

■ We find that Section 15.02 of Workmen's Compensation Fund Rules and Regulations unreasonably limits reimbursement for medical travel expenses in contravention of the purposes of the Workmen's Compensation Act. As the New Mexico Court observed in *Gonzales, supra,* any travel expenses incurred in connection with medical treatment can be substantial, as this case illustrates.

For the foregoing reasons, we reverse the final decision of the Workmen's Compensation Appeal Board and remand the case for further proceedings to determine the amount claimant was improperly overpaid for travel expenses incurred in connection with his medical treatment, which amount the Commissioner can, of course, recover.

Reversed and remanded.