STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

**April 25, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**E.B.,**
**Claimant Below, Petitioner,**

**v.)**     **No. 23-409**     (JCN: 2021004177)
                    (ICA No. 22-ICA-278)

**Alliance Coal, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner, E.B.,[1] appeals the June 7, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA") affirming the order of the Workers' Compensation Board of Review ("BOR") that denied additional compensable psychological diagnoses, denied reopening of the claim on a temporary total disability basis, and denied authorization for certain medication. *See E.B. v. Alliance Coal, LLC*, No. 22-ICA-278, 2023 WL 3863272 (W. Va. Ct. App. June 7, 2023) (memorandum decision). Petitioner contends that the ICA erred by not vacating the BOR's decision and remanding this matter so that he could submit additional evidence. Respondent Alliance Coal, LLC, has filed a timely response urging this Court to affirm the ICA's decision.[2] Upon consideration of the parties' briefs, oral arguments, and the appendix record, we find that the petitioner established good cause for remanding his case to the BOR so that he may obtain a psychiatric evaluation from a qualified psychiatrist. Accordingly, we vacate the ICA's decision and remand this case to the BOR with directions to allow the petitioner to submit additional medical evidence that comports with the applicable legislative rule. This case satisfies the "limited circumstances" requirement of Rule 21(d), and therefore, a memorandum decision is appropriate.

---

[1] We use initials to identify the petitioner because of our reference to sensitive medical information. *See* W. Va. R. App. Proc. 40(e)(4).

[2] Petitioner appears by counsel R. Dean Hartley, Esq., and Bradley R. Oldaker, Esq. Respondent is represented by counsel James W. Heslep, Esq.

1

Petitioner, a coal miner, was seriously injured while working on August 30, 2020, when a hydraulic pressurized hose struck him in the face. He suffered significant physical injuries and was transported by helicopter to Ruby Memorial Hospital where he underwent surgery. In September 2020, Dr. Benjamin Moorehead of the Concussion Clinic at WVU Medicine recommended psychological treatment and a referral to a psychiatrist. Following a psychiatric assessment, the claim was held compensable on January 11, 2022, for the psychological diagnosis of "adjustment disorder with mixed anxiety and depressed mood."

Approximately two months later, petitioner sought to have his claim reopened on a temporary total disability basis, alleging that he had suffered an aggravation and/or progression of his psychological injury.[3] The reopening application was completed by Franklin Curry, Psy.D., who was not petitioner's treating physician, and for that reason, the reopening request was denied by the claim administrator by order dated March 4, 2022. Thereafter, petitioner's treating physician, John David Lynch, M.D., submitted a diagnosis update, requesting that post-traumatic stress disorder (PTSD), major depressive disorder (MDD), and generalized anxiety disorder (GAD) be added to the claim as compensable diagnoses. The claim administrator denied that request on March 23, 2022, finding that because Dr. Lynch is not a psychiatrist, he was unable to establish the compensability of a psychiatric condition under the applicable rule.[4] But even before Dr. Lynch submitted this

---

[3] Petitioner's physical injuries were held compensable at the outset of his claim, and he was granted temporary total disability benefits until July 9, 2021.

[4] West Virginia Code of State Rules § 85-20-12.4 provides, in relevant part:

> Compensability. Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The psychiatrist shall provide this information, and all other information required in section 8.1 of this Rule in his or her report. Failure to provide this information shall result in the denial of the additional psychiatric diagnosis. Based on that report, the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, will make a determination, in its sole discretion, whether the psychiatric condition is a consequence that flows directly from the compensable injury.

request, petitioner submitted reports from various medical providers who opined that he was suffering from additional psychological diagnoses directly related to the compensable injury. For instance, Dr. Moorehead stated that petitioner suffered from PTSD related to the compensable injury; Kenneth A. Visser, Ph.D., a psychologist, stated that petitioner suffered from PTSD and adjustment disorder with mixed anxiety and mood, severe; Michael Rosenberg, M.D., stated that petitioner suffered from PTSD/depression and that petitioner reported nightmares and flashbacks about the injury; and Patricia M. Bailey, Ph.D., L.P.C., N.C.C., diagnosed petitioner with PTSD and MDD, which she opined was a direct result of the compensable injury.

After Dr. Lynch's diagnosis update request was denied, petitioner was referred for treatment with Matthew S. Zell, M.D., at WVU Psychiatry. Dr. Zell reported in May 2022, that he was treating petitioner for PTSD, MDD, and GAD, and sought authorization to prescribe Prazosin, Cyproheptadine, and Clonidine to treat petitioner's trauma-related nightmares associated with PTSD and related sleep disturbances. But the claim administrator denied those requests because the medications were not related to any conditions that had been held compensable in the claim.

Petitioner appealed to the BOR and submitted various letters and reports from Dr. Zell. The BOR found that Dr. Zell's reports lacked several materials required by West Virginia Code of State Rules § 85-20-12.3, most notably a current mental status exam and therefore, affirmed the claim administrator's decision denying the addition of PTSD, MDD, and GAD as compensable diagnoses. In the same order, the BOR affirmed the denial of the request to reopen the claim on a temporary total disability basis and the denial of the requests for medications because those requests were conditioned upon finding the additional psychiatric diagnoses compensable.

Petitioner next sought relief by appealing to the ICA, arguing that the items identified by the BOR as being absent from Dr. Zell's report were not required for the compensability determination. Instead of addressing that argument, the ICA affirmed the BOR on other grounds, notably that Dr. Zell was not a psychiatrist and, therefore, his report could not be used as a basis to establish petitioner's psychological diagnoses as compensable conditions. This issue came to light during oral argument at the ICA. Petitioner, by counsel, stated that he recently became aware that Dr. Zell was a resident physician still in the process of completing his specialized training to become a psychiatrist at the time he rendered treatment to the petitioner. Petitioner then requested that his claim be remanded to the BOR so that he could obtain another evaluation from a qualified psychiatrist. The ICA nevertheless affirmed the BOR's order on the basis that Dr. Zell was not a psychiatrist within the meaning of West Virginia Code of State Rules § 85-20-12.4.

This Court reviews questions of law de novo, while we accord deference to the BOR's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Before this Court,

petitioner argues that he established good cause for remanding his case to the BOR so that he can obtain an evaluation from a qualified psychiatrist. We agree.

The fundamental principle of workers' compensation legislation is to provide reasonable and necessary medical treatment to employees who are injured on the job. W. Va. Code § 23-4-1. And, this Court has held that "[o]ne of the basic purposes of workmen's compensation legislation is to impose upon industry the cost of medical expenses incurred in the treatment and rehabilitation of workers who have suffered injuries in the course of and as a result of their employment[.]" Syl. Pt. 2, in part, *Ney v. Workmen's Comp. Comm'r*, 171 W. Va. 13, 297 S.E.2d 212 (1982). Furthermore, West Virginia Code § 23-1-1(b) provides that the Workers' Compensation Act shall "be interpreted so as to assure the quick and efficient delivery of indemnity and medical benefits to injured workers at a reasonable cost to the employers[.]" *See also* W. Va. Code § 23-5-13a ("It is the policy of this chapter that the rights of claimants for workers' compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workers may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workers."). Because it is unclear from the record that Dr. Zell was a qualified psychiatrist, we find that the ICA erred by not remanding petitioner's case to the BOR so that he can submit a psychiatric evaluation obtained from a qualified psychiatrist. *See* W. Va. Code § 23-5-12a(d) ("Instead of affirming, reversing, or modifying the decision of the Workers' Compensation Board of Review, the Intermediate Court of Appeals may, upon motion of any party or upon its own motion, for good cause shown, to be set forth in the order of the court, remand the case to the Board of Review for the taking of such new, additional, or further evidence as in the opinion of the court considers necessary for a full and complete development of the facts of the case."). Accordingly, we vacate the ICA's June 7, 2023, memorandum decision, and remand this case to the BOR for further proceedings consistent with this decision.

Vacated and remanded with directions.

**ISSUED:** April 25, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Charles S. Trump IV

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn

**Armstead, Justice, joined by Justice Bunn, dissenting:**

I dissent to the majority's decision to remand this case to the BOR for further proceedings. This Court's standard of review as set forth in syllabus point three of *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024), provides:

> On appeal of a decision of the West Virginia Workers' Compensation Board of Review from the Intermediate Court of Appeals of West Virginia to the Supreme Court of Appeals of West Virginia, the Supreme Court of Appeals is bound by the statutory standards contained in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022). Questions of law are reviewed *de novo*, while findings of fact made by the Board of Review are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Based upon the record and this Court's decision in *Hale v. West Virginia Office of Ins. Comm'r*, 228 W. Va. 781, 724 S.E.2d 752 (2012), the BOR's finding that petitioner's evidence did not comply with the applicable rule requiring the denial of the additional compensable diagnoses was not clearly wrong, and, therefore, should have been affirmed.

In upholding the claim administrator's decision, the BOR found:

> Per W. Va. CSR § 85-20-12.4, whether a psychiatric problem exists and whether the problem is directly related to the compensable injury is to be determined by a psychiatrist. The only psychiatrist on record to diagnose the claimant with major depressive disorder, generalized anxiety disorder, and PTSD is Dr. Zell.[5] Although Dr. Zell opined that claimant sustained PTSD causally related to the compensable injury, his correspondence/reports lack several requisite materials that

---

[5] The majority notes that petitioner submitted reports from various medical providers who were treating his physical injuries and two psychologists, all indicating that the petitioner was suffering from PTSD. However, these reports pre-dated the decision of claim administrator entered on January 11, 2022, holding the claim compensable for an adjustment order with mixed anxiety and depressed mood. Moreover, the evaluation of petitioner by Ivan L. Mazzorano, Jr., M.D., a board-certified psychiatrist, which provided the basis for the claim administrator's January 11, 2022, ruling, stated that the petitioner did not have PTSD.

5

must be addressed per C.S.R. § 85-20-12.3[6] and Exhibit C, most notably a mental status exam. Further, Dr. Zell's correspondence/reports render no opinion of a causal relationship between the compensable injury and the diagnoses of major depressive disorder and/or generalized anxiety disorder. Thus, the claim administrator was not in error in denying the addition of major depression, generalized anxiety, and PTSD as compensable conditions of the claim.

(Footnotes added). In syllabus point two of *Hale*, this Court observed:

> W.Va.C.S.R. § 85-20-12.4 [2005] sets forth the following three-step process that must be followed when a claimant is seeking to add a psychiatric disorder as a compensable injury in his/her workers' compensation claim: (1) the claimant's treating physician refers the claimant to a psychiatrist for an initial consultation; (2) following the initial psychiatric consultation, the psychiatrist is to make a detailed report consistent with the procedure described in W.Va.C.S.R. § 85-20-12.4 [2005]; and (3) the claims administrator, aided by the psychiatrist's report, is to determine whether the psychiatric condition should be added as a compensable injury in the claim.

As set forth above, the BOR found that the second step in syllabus point two of *Hale* had not been satisfied as the documentation necessary to support a finding that the psychological diagnoses are compensable was not submitted. In other words, the additional psychological diagnoses were denied because Dr. Zell's reports did not comply with the applicable rule. West Virginia Code of State Rules § 85-20-12.4 expressly

---

[6] West Virginia Code of State Rules § 85-20-12.3 addresses the evidentiary requirements, providing:

> The evidentiary weight to be given to a report will be influenced by how well it demonstrates that the evaluation was conducted in accordance with the rule and three attached Exhibits (Exhibit A, Exhibit B, and Exhibit C). Exhibit A lists disorders and conditions not significantly contributed to by a work-related injury. Exhibit B is a guideline for providing impairment ratings. Exhibit C is a report outline for psychiatric independent medical evaluations. The evaluator must address and memorialize each bold face section found in Exhibit C.

provides that "[f]ailure to provide th[e] [required] information shall result in the denial of the additional psychiatric diagnosis."

Although the ICA upheld the BOR's decision because Dr. Zell purportedly lacked the requisite credentials when he treated the petitioner and filed his reports, it was unnecessary to address that issue as the BOR's decision is correct pursuant to *Hale* and West Virginia Code of State Rules § 85-20-12.4. Regardless of whether Dr. Zell met the requirements to be deemed a psychiatrist, pursuant to West Virginia Code of State Rules § 85-20-12.4, the specific findings and documentation required by such rule were not satisfied. For this reason, I would have affirmed the ICA's decision. *See* Syl. Pt. 2, *Adkins v. Gaston,* 218 W. Va. 332, 624 S.E.2d 769 (2005) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)."). Accordingly, I respectfully dissent from the majority's decision in this case. I am authorized to state that Justice Bunn joins in this dissent.